112 N.J. Super. 28 (1970)
270 A.2d 295
ELIZABETH IOANNOU AND ANTHANASIOS IOANNOU, PLAINTIFFS,
v.
IVY HILL PARK SECTION FOUR, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
OTIS ELEVATOR COMPANY AND GARDEN STATE MAINTENANCE COMPANY, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 21, 1970.
*29 Mr. Kenneth J. McGuire, for plaintiffs Ioannou (Messrs. Stein, Bliablias and Goldman, attorneys).
Mr. Henry S. Buchanan, for defendant and third-party plaintiff Ivy Hill Park Section Four, Inc.
Mr. Michael I. Litvak, for third-party defendant Otis Elevator Company (Messrs. Braff, Litvak & Ertag, attorneys).
Mr. Herbert C. Klein, for third-party defendant Garden State Maintenance Company (Messrs. Krieger & Klein, attorneys).
ACKERMAN, J.S.C.
This matter is before the court on plaintiffs' motion to file an amended complaint to assert a direct action against the two third-party defendants. It involves the statute of limitations and certain ramifications of the recent decision of the Supreme Court in Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326 (1970), reversing in part 106 N.J. Super. 374 (App. Div. 1969), which reversed in part 101 N.J. Super. 134 (Law Div. 1968).
On November 22, 1968 plaintiff Elizabeth Ioannou filed a complaint against defendant Ivy Hill Park Section Four, Inc. (Ivy Hill), the owner of an apartment house, to recover for personal injuries allegedly sustained as the result of a fall which occurred on October 6, 1967 in an elevator *30 on defendant's premises. Her husband sued per quod. Defendant was charged with negligence in the maintenance, control and inspection of the elevator. In April 1969, well within the statutory period, Ivy Hill filed a motion pursuant to R.R. 4:14-1 (now R. 4:8-1) for leave to serve a third-party complaint against Otis Elevator Company (Otis) and Garden State Maintenance Company (Garden State), seeking contribution under the Joint Tortfeasors Contribution Law and indemnity. Ivy Hill's notice of motion and a copy of the proposed third-party complaint attached thereto were marked "filed" by the Clerk of the Superior Court on April 21, 1969. Said motion was dismissed for failure of Ivy Hill to appear to prosecute the same, but an identical motion was again filed by Ivy Hill returnable on July 18, 1969. The latter motion was adjourned until August 1, 1969, at which time it was granted. A formal order granting the motion was signed on September 19, 1969, prior to the expiration of the statutory period. This order was filed with the Clerk in Trenton on November 13, 1969, after the expiration of the statutory period. The third-party summons and complaint were served upon Garden State on November 20, 1969, and upon Otis on January 7, 1970. Apparently the third-party complaint was never filed with the Clerk as a separate pleading after the entry of the order granting leave to serve it.
After service upon Otis and Garden State, plaintiffs filed the motion now before the court for leave to file an amended complaint to make Otis and Garden State direct defendants to their action. Both third-party defendants oppose on the ground that the filing of complaints against them to hold them directly liable is barred by the two-year statute of limitations, N.J.S.A. 2A:14-2.
As is apparent from the above summary, plaintiffs' motion to make Otis and Garden State direct defendants was made more than two years after Mrs. Ioannou's fall, but Ivy Hill's motion to make them third-party defendants was made and granted by the court within the two-year period. *31 However, although there was no showing one way or the other on this motion as to whether Otis or Garden State had actual notice during the statutory period of plaintiffs' action against Ivy Hill or of the pendency of the motion by Ivy Hill to bring them in, it is clear that they did not have formal notice within the statutory period of the institution of the third-party action against them or of the existence of the action against Ivy Hill, because service of the third-party complaint was not made upon them until after the expiration of the two-year period.
In the recent Lawlor case the Supreme Court approved the holdings in DeSisto v. Linden, 80 N.J. Super. 398 (Law Div. 1963), and Greco v. Valley Fair Enterprises, 105 N.J. Super. 582 (App. Div. 1969), and firmly adopted the rule that, without running afoul of the statute of limitations, a plaintiff in a tort action will be permitted to file an amended complaint, after the two-year statutory period has run, to bring in as an additional direct defendant one who had been joined as a third-party defendant within the two-year period on motion of the original defendant on a claim for contribution or indemnity. In the Lawlor, DeSisto and Greco cases, however, the third-party defendants had been served with the third-party complaint within the two-year period. They thus had actual, formal notice within that period of the nature and existence of the litigation and that they were parties thereto. And in the opinions in each case there is language which may be seized upon as supporting the view that it is necessary for application of the rule removing the statute of limitations as a defense that the third-party defendant be served within the statutory period.
Thus, in DeSisto, Judge Fulop noted (80 N.J. Super. at 405) that, "Third-party defendant was notified of the claim by process and a pleading in time." And he concluded (at 406), "However, a new claim based on the same occurrences and the same wrong against an existing party may be asserted when that party has become a party and has been alerted to the claim before the running of the *32 statute."[1] In Greco the court stated (105 N.J. Super. at 584) that the third-party defendant was "joined as such prior to expiration of the limitation period," and "has had timely notice * * *." The court also made specific reference to R. 4:9-3, which relates to amendments changing the party against whom a claim is asserted and provides that there is relation back of such amendments if, among other things, the defendant has "within the period provided by law for commencing the action against him * * * received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits."
The references in Justice Jacobs' opinion in the Lawlor case are primarily to timely "filing." But, in commenting upon DeSisto, which was approved as a "very sensible" application of the pertinent rules in their relation to the statute of limitations, and was referred to, together with Greco, as pointing to the "just and proper result," he said (56 N.J. at 340), "It stressed that within the two-year period the contractor had been fully advised, through the third-party complaint, as to the charge of negligence against him and had timely opportunity to prepare and defend." In commenting upon Greco he stated (at 341) that "[w]ithin the two-year period [defendant] filed a third-party action * * *." With respect to the case before the court he noted (at 342) that "[t]he third-party complaint * * * was actually filed well within the two-year period," and that answers were filed by the third-party defendants "well within two years" from the date when the plaintiff's direct cause of action arose against the third-party defendants. And he stated:
When the third-party complaint was filed, the [third-party defendants] were made formally aware that they were being charged with negligence in the care of Mrs. Lawlor and that they were being sought to be held liable for the damages suffered by Mrs. Lawlor *33 as the result of their negligence. From that point on they could not lie in repose but were called upon to prepare and defend. They had full and timely opportunity to do so and at no point did the negligence claims against them become stale. Though the plaintiff did not amend the complaint at the time of the filing of the third-party complaint so as to join the [third-party defendants] as direct defendants, the court rules and DeSisto were in the books and later amendment of the complaint with relation back should readily have been anticipated. The plaintiff's delay in amending the complaint did not in anywise prejudice the [third-party defendants] and we see no reason why it should now bar a just adjudication on the merits of the plaintiff's claims against them. * * * [at 343]
The question before the court is, therefore, whether actual service of the third-party complaint upon the third-party defendants within the two-year period, and consequent formal notice to them within such period of the third-party claim against them, or actual filing of the third-party complaint as a separate pleading within the statutory period, is essential either to constitute the commencement of the third-party actions against them under the rules or as a prerequisite to permit plaintiffs to have the benefit of the rule in the Lawlor case. It is the court's opinion that neither actual service nor such filing within the statutory period are necessary and that, in the circumstances, the making of the motion to serve the third-party complaint within the two-year period renders the Lawlor doctrine applicable and avoids the bar of the statute of limitations, even though the third-party defendants may have actually been unaware of the plaintiffs' action during the statutory period.
It cannot be denied that a plaintiff who obtains the benefit of the rule in the Lawlor case in a sense gets a windfall since he has taken no direct, affirmative action himself within the statutory period to diligently assert a claim against the third-party defendant. He may be deemed unduly fortunate when compared to a plaintiff in a plenary action who is barred because his complaint was filed one day late. Leake v. Bullock, 104 N.J. Super. 309 (App. Div. 1969). Obviously, there seems to be less injustice to a third-party defendant and less deviation or departure from *34 customary or traditional applications of the statute if the third-party defendant, who is compelled under the Lawlor rule to defend a new direct claim asserted after the expiration of the statutory period, has at least been served with the third-party complaint and had actual notice of the litigation within the statutory period. However, the fact that the third-party defendant has had such notice, even though it may not have been essential as a matter of law, makes it easier for a court to hold that the statute is no bar to the plaintiff's claim, and it is natural that a court in such a case would refer to the fact of such notice in the course of its opinion, as did the courts in the Lawlor, DeSisto and Greco cases. And when the underlying rationale of the Lawlor doctrine is examined and other pertinent precedents are considered, it is apparent that the absence of such service and notice within the statutory period is immaterial.
In Lawlor the Supreme Court pointed out that although N.J.S.A. 2A:14-2 provides that a personal injury action "shall be commenced within 2 years next after the cause of any such action shall have accrued," none of the statutory terms has ever been defined by the Legislature and they have necessarily been implemented in the court rules and decisions. The Supreme Court further pointed out that the court rules, including those relating to amendments and their relation back and to third-party procedure, contain "very broad provisions" (56 N.J. at 339). Among those referred to was R. 4:8-1(b), formerly R.R. 4:14-1, which deals with procedure after a third-party is joined and provides in part as follows:
* * * The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff, within 20 days after service of the third-party complaint upon him, or, if the defendant has sought leave, within 20 days after service upon him of the order granting such leave, may amend his *35 pleading to assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff; thereafter plaintiff may so amend his pleading only by leave of court on notice to the parties to the action. * * *"
The Supreme Court also referred to R. 4:9-3, formerly R.R. 4:15-3, dealing with relation back of amendments, which provides:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
The basic premise upon which the Lawlor, DeSisto and Greco holdings rest is that the third-party action had been "commenced" and that the third-party defendant was a "party" to the overall litigation within the meaning of our rules of civil practice prior to the expiration of the statutory period. Having concluded that this was so in each instance, the court held in each case that the policy of the statute of limitations was satisfied and that the third-party defendant was therefore subject to the broad provisions of the rules without any qualification or limitation upon the plain meaning thereof imposed by the statute. It was held in each instance that the plaintiff's new direct claim against the third-party defendant was deemed to have arisen out of the "same transaction or occurrence" that was the subject matter of the plaintiff's claim against the third-party plaintiff, within the meaning of R. 4:8-1(b) or its predecessor rule and that it was deemed to have arisen *36 out of the "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading" so that there was relation back, at least to the third-party complaint as an "original pleading," pursuant to the general rule as to relation back contained in the first sentence of R. 4:9-3 or its predecessor rule.
The important thing was that the third-party action had been commenced, as far as the third-party defendant was concerned, prior to the expiration of the statutory period, in accordance with our court rules, and that there was an original pleading, i.e., the third-party complaint, which antedated the running of the statute, to which there was relation back. There is no indication that actual service or notice were deemed to have supplanted the objective standards as to commencement of actions contained in the rules.
On the facts of this case, both Otis and Garden State were "parties" to the litigation and the third-party action was "commenced" against them within two years after Mrs. Ioannou's fall.
R. 4:2-2 provides that a civil action is "commenced by filing a complaint with the court." The text of this rule which was initially adopted in 1948 as Rule 3:3-1 and thereafter became R.R. 4:3-1, has remained unchanged since adoption of our court rules, and it is derived from Rule 3 of the Federal Rules of Civil Procedure. By its adoption the state practice was brought into conformity with the federal practice and an objective standard was adopted for determining when an action is commenced, replacing subjective standards theretofore applicable both in law and chancery dependent upon service of process and the giving of formal notice. See Comment on Rule 3:3-1, Tentative Draft, Rules Governing All of the Courts of New Jersey (1948), at 87-88; 2 Schnitzer and Wildstein, N.J. Rules Service, A IV-21 to 24.
Although there has been little discussion on the point in the reported cases or in the secondary authorities, it seems clear that regardless of whether or not leave of court is *37 first required under the rules, the objective standard is also applied to determine when a third-party action or an action adding a new party by amendment will be deemed commenced. The terms of R. 4:2-2, either in their literal sense or as sensibly interpreted, are applied in such instances, and, since filing, where leave is not first required, or an application to the court, where such leave is required, is the first or initial step contemplated under the rules where a new party is to be added and precedes service of process (see R. 4:4-1; R. 4:8-1; R. 1:5-6(a)), commencement of the action against the new defendant does not depend upon when service was made upon him and formal notice given to him.
The normal rule as to amended complaints is that stated in Mears v. Economy Brake Service, Inc., 78 N.J. Super. 218 (App. Div. 1963), certif. den. 40 N.J. 216 (1963), where the court, obviously applying the literal terms of the rule, said:
Where a defendant is brought into an action for the first time upon the filing of an amended or supplemental complaint, the filing of such additional pleading constitutes the commencement of the action in so far as such new defendant is concerned. * * * [at 227]
The same standard normally applies to third-party actions and, in the usual case, the filing of the third-party complaint is stated to be the commencement of the action against the third-party defendant. See St. Paul Fire & Marine Ins. Co. v. United States Lines Co., 258 F.2d 374 (2 Cir.1958), cert. den. 359 U.S. 910, 3 L.Ed.2d 574 (1959); D'Onofrio Construction Co. v. Recon Company, 255 F.2d 904, 908 (1 Cir.1958); 3 Moore's Federal Practice (2d ed. 1968), § 14.18, [2.-1] at 633, n. 10; cf. 2 Schnitzer and Wildstein, op. cit., § 3(b), A IV-23.
However, when the rules make it mandatory that there first be an application to the court for leave to serve a complaint adding a new party, and such application is the first significant step in the action against the new defendant, *38 the few courts which have considered the problem have given a sensible interpretation to the rule and have held that, so far as the statute of limitations is concerned, the action is deemed commenced against the new defendant when the motion for leave is made. Actual filing of the complaint after the granting of leave is not the critical act which constitutes commencement, nor is service upon defendant. This doctrine has been uniformly applied in cases involving applications for leave of court to amend to add new parties. Robinson v. Waterman S.S. Co., 7 F.R.D. 51 (D.N.J. 1947); Gloster v. Pennsylvania Railroad Co., 214 F. Supp. 207 (W.D. Pa. 1963); Derdiarian v. The Futterman Corporation, 36 F.R.D. 192 (S.D.N.Y. 1964); see Annotation, "Change in Party After Statute of Limitations Has Run," 8 A.L.R.2d 6, 22-23 (1949).
The same rule has been applied in cases involving motions to intervene, which require leave of court, and it has been uniformly held that the intervenor's action is "commenced," so far as the statute of limitations is concerned, if his motion was filed within the statutory period, even though the actual granting of leave to intervene and the formal filing of the intervenor's complaint have come after the statutory period has run. Thus, in Jack v. Travelers Insurance Co., 22 F.R.D. 318 (E.D. Mich. 1958) the motion to intervene was filed one day before the statutory period expired and it was held that this constituted such filing as to "commence" the suit and satisfy the statute of limitations. The court said:
* * * We are then confronted with a situation where a prospective party is required, in order to file a complaint, to obtain leave of court before filing said complaint. The prospective party herein filed his application, for leave to file his complaint, prior to the running of the statute of limitations. However, the granting of said application will result in the filing of the complaint itself after the statute of limitations has run against the claim set forth in the complaint. The contention of defendant is that the statute of limitations is operative as a bar to applicants' cause of action.

* * * * * * * *
*39 Our reasoning in granting the motion is based simply on the plain logic of the situation before us, which is not in conflict with any of the cases cited by counsel or disclosed by our own research. Applicants were required under Rule 24 to seek leave before they might file their complaint in intervention. Rule 24 appears to be tailored for persons in applicants' situation  it is a "natural" for the device of intervention. Who can possibly predict what length of time might elapse between the filing of a motion to intervene and a final order granting it? There are time factors to be taken into consideration  a hearing date in open court dependent upon the condition of the docket when the motion is filed, the possibility of counsel requesting time for the filing of briefs, the inability of the Court to study the briefs at the exact moment of their delivery, and a number of other factors which are obvious to those accustomed to processing motions. No matter how diligent counsel for an applicant intervenor may be, we do not perceive what guarantee can be available that there will be an opportunity to file the complaint prior to the running of the statute.
In relation to Rule 24(b) the Court decides that a motion to intervene which sets forth the cause of action sought to be asserted, or which has attached thereto a copy of the proposed complaint, is sufficient compliance with the statute of limitations, if such motion is properly filed prior to the running of the statute, and properly served on defendant(s) without delay. [22 F.R.D. at 319; emphasis not added]
Accord: Securities & Exch. Com'n v. Keller Bros. Securities Co., Inc., 30 F.R.D. 532 (D. Mass. 1962); see Engert v. Peerless Insurance Co., 382 S.W.2d 541 (Tenn. Ct. of App. 1964); Callaway v. Ryan, 67 N.M. 283, 354 P.2d 999 (Sup. Ct. 1960); see 3B Moore's Federal Practice (2d ed), § 24.12 [1] at 24-503, n. 7, and § 24.13 [1] at 24-526.
Although there are no New Jersey cases on the point, the rationale of these decisions is directly applicable here, and no cases to the contrary have been found. There is a strong policy in favor of consolidation of actions and in favor of the third-party practice to avoid circuity of action and to permit all matters arising out of a single controversy or transaction to be disposed of in one proceeding with fairness to all the parties and a saving of court time and public expense. See Korff v. G. & G. Corp., 21 N.J. 558, 566-567 (1956); Sattelberger v. Telep, 14 N.J. 353, 372 (1954). *40 To interpret R. 4:2-2 in accordance with the above authorities is reasonable and sensible, and is in harmony with the basic rules for applying and interpreting the statute of limitations and in furtherance of the policy which encourages use of our third-party practice. See Hogan v. Hodge, 6 N.J. Super. 55 (App. Div. 1949).
On the facts of this case, therefore, the action was commenced against Otis and Garden State and they became parties as third-party defendants, so far as any statute of limitations problem is concerned, when the motion for leave to serve the third-party complaint was filed. This was well within the statutory period and leave was actually granted well within such period. Failure to serve process and failure to file the complaint, after the granting of leave and prior to expiration of the statutory period, are of no significance so far as the statute of limitations is concerned. When the two-year period expired on October 6, 1969, Otis and Garden State were in a position comparable to that of a defendant in a conventional action where the complaint against him has been filed before expiration of the statutory period but service has not yet been made upon him and he is unaware of the existence of the action. In such situation, there is no statute of limitations defense available to him, and he is a party subject to all the broad provisions of the rules of civil practice. The action is "commenced" and he is deemed to have timely opportunity to defend so far as the statute of limitations is concerned, and if he has any basis for dismissal because it ultimately transpires that there is delay in service of process upon him, it rests upon other rules and not upon the statute of limitations.[2]
*41 It is undisputed here that, although the order of the court granting leave to file the third-party complaint was dated September 19, 1969, the order was not filed until November 13, 1969, and the summons and third-party complaints were not forwarded for service until November 17, 1969, over a month after the statutory period expired. Service was promptly made thereafter on Garden State on November 20, 1969, but was somewhat delayed as to Otis, being effected on January 7, 1970. No explanation was offered as to why there was a two-month lapse of time between the signing of the court's order and the forwarding of the summons and complaint for service. But the fact that there may have been delay is not dispositive. Under the cases the important fact is that no claim or showing was made by Otis or Garden State on this motion that either suffered any prejudice because of any delay in the forwarding of the papers for service or in their actual service.
R. 4:4-1 provides, among other things, that "If the summons is not issued within 10 days of the filing of the complaint the action may be dismissed * * *." It is well settled that violation of the ten-day issuance requirement and delay in effecting service of process will not automatically result in dismissal. The matter is discretionary with the court, rather than jurisdictional, and an action will not be dismissed when the defendant has not been prejudiced. McLaughlin v. Bassing, 51 N.J. 410 (1968), reversing 100 N.J. Super. 67 (App. Div. 1967); X-L Liquors v. Taylor, 17 N.J. 444, 453-454 (1955); see Hazek v. Mercadante, 22 N.J. Super. 103 (Law Div. 1952); Byrd v. Ontario Freight Lines Corp., 39 N.J. Super. 275 (App. Div. 1956); Rogers v. Dubac, 52 N.J. Super. 360 (Law Div. 1958); Clare v. Fliegel, 74 N.J. Super. 31 (Cty. Ct. 1962); see A & B *42 Auto Stores of Jones Street, Inc. v. Newark, 103 N.J. Super. 559, 573-576 (Law Div. 1968), and Beese v. First National Stores, 52 N.J. 196, 201 (1968); cf. Pagano v. Krispy Kernels, Inc., 10 N.J. Super. 588 (Law Div. 1950). In the absence of a claim of prejudice and proof thereof, the delay in service here is immaterial.
By the same token, failure to file the third-party complaint, after leave to serve was granted, is immaterial. R. 4:8-1(a), in force since September 8, 1969, provides that where leave of court is required, a "copy" of the proposed third-party complaint shall be annexed to the notice of motion. There was no such express requirement in R.R. 4:14-1, which was in force at the time Ivy Hill made its motion in this case, and there is none in Federal Rule 14, but it has long been the practice in both the state and federal courts to attach a copy of the proposed complaint to the motion. See Civil Procedure Form 23(a), 1968 Rules; 2 Schnitzer and Wildstein, op. cit., A IV-354; 3 Moore's Federal Practice (2d ed.), § 14.18 [2.-1], at 632; see Ivey v. Daus, 17 F.R.D. 319 (S.D.N.Y. 1955). There is no specific requirement in R. 4:8 that the third-party complaint be filed after leave is granted. Although a respectable argument can be made that upon the filing of the motion with a copy of the complaint attached there has been a sufficient filing to comply with R. 1:5-6(a) or the predecessor rule, R.R. 4:5-5(a), it would seem that literal compliance with the rules requires a filing after leave has been granted. See 3 Moore's Federal Practice, § 14.18 [2.-1] at 633, n. 10. However, as indicated above, such filing is not the meaningful act which it normally is to constitute the commencement of the action, and the failure to file is not fatal and can be corrected. Ciocca v. Hacker, 4 N.J. Super. 28 (App. Div. 1949).
It is therefore concluded that the objective standards set forth in our rules of practice are to be applied to determine whether a third-party action has been commenced within the statutory period for the purpose of determining whether *43 a plaintiff may take advantage of the Lawlor doctrine. Service of the third-party complaint within the statutory period and consequent actual notice to the third-party defendant within the period are not necessary, and statements in the Lawlor, DeSisto and Greco opinions with respect to actual notice cannot be fairly construed as laying down a requirement that there must be such service and notice. The application of such objective standards, rather than subjective standards based upon service and actual notice, is consistent with the design of the rules and leads to uniformity. It also is in harmony with the underlying statutory policy of the statute of limitations, as construed by our highest court, and in furtherance of the rule that controversies shall be determined on the merits when such policy fairly so permits. See Lawlor, supra, at 339; Union City Housing Authority v. Commonwealth Trust Co., 25 N.J. 330, 335 (1957); Fernandi v. Strully, 35 N.J. 434, 449 (1961); Harr v. Allstate Insurance Co., 54 N.J. 287, 299 (1969); Tackling v. Chrysler Corp., 77 N.J. Super. 12, 16 (Law Div. 1962).
Plaintiffs' motions are granted.
NOTES
[1] Emphasis supplied in quotations unless otherwise stated.
[2] Although properly cited by the court in the Greco case in support of its ruling there, the provision in the second sentence of R. 4:9-3, quoted above, is not authority that actual notice within the statutory period is required here. That rule applies only to amendments changing a party after the running of the statute of limitations. It permits a completely new party to be added after the statutory period. See Rooney v. Coraggio, 95 N.J. Super. 112 (App. Div. 1967), certif. den. 50 N.J. 89 (1967); Comments on R. 4:9-3, Proposed Revision of the Rules Governing the Courts of the State of New Jersey (1966). Here the third-party defendants were parties to the action prior to the expiration of the statutory period.