STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PETITIONER-APPELLANT, v. TOWNSHIP OF WASHINGTON, RESPONDENT-RESPONDENT.

Argued February 23, 1977—Decided May 11, 1977.

*Mr. Richard L. Rudin,* Deputy Attorney General, argued the cause for appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Stephen A. Herman,* Deputy Attorney General, on the brief).

*Mr. Henry F. Satterthwaite* argued the cause for respondent (*Messrs. Satterthwaite & Satterthwaite,* attorneys).

PER CURIAM. This cause was certified by this Court to the Appellate Division while it was pending there, prior to hearing, on appeal from a judgment of the Division of Tax Appeals affirming the action of the Mercer County Board of Taxation in imposing "roll-back" assessments under the Farmland Assessment Act of 1964, *N. J. S. A.* 54:4–23.1 *et seq.,* on lands acquired by the State Department of Transportation for highway purposes. Ten of the lots were acquired by deed and two by condemnation pursuant to *N. J. S. A.* 27:7–1 *et seq.*

This appeal was argued together with *New Jersey Turnpike Authority v. Township of Washington and Township of Manalapan,* decided this day, 73 *N. J.* 180, wherein we affirmed the judgment of the Appellate Division, for the reasons stated in its opinion therein, in a case presenting virtually the same issues as those argued here. See 137 *N. J. Super.* 543. The holding there was that property whose use was changed from farmland to other use because of acquisition by the New Jersey Turnpike Authority was subject to roll-back assessments under the cited statute for the year of change of use and the two tax years immediately preceding. *N. J. S. A.* 54:4–23.8. It was determined that the statutory exemption from taxation accorded property of the Authority did not operate to nullify the effect of the Farmland Assessment Act in respect of such property. 137 *N. J. Super.* at 550.

Insofar as the judgment of the Division of Tax Appeals sustains the roll-back assessments imposed by the county tax board, we affirm it, doing so for the reasons stated by the Appellate Division in the *New Jersey Turnpike Authority* case, *supra.* There is no material difference in the fact that here the acquiring agency is a state department rather than the Turnpike Authority. However, we disclaim any endorsement of those portions of the opinion of the Division of Tax Appeals which undertook to declare the respective liabilities for the resulting taxes of the State and its predecessor in title, *inter se.* No such issue was

presented to the Division for adjudication nor did the State's brief to the Appellate Division or its argument before us raise that question. The municipality argued solely that the roll-back taxes were assessable through the year of the change of use and were a lien on the land, whatever the liability for the taxes as between the State and prior owners.

In regard to the foregoing, it may be noted that real estate taxes are a lien upon the property assessed, but, in contrast to personal property taxes, not the personal obligation of the owner. *N. J. S. A.* 54:4–1; 54:5–6. Roll-back taxes are a lien on the property assessed and collectible in the same manner as other taxes. *N. J. S. A.* 54:4–23.9; 54:4–63.21. A 1971 statute, *c.* 370 (*N. J. S. A.* 54:4–3.3a *et seq.*), codifies the rule declared by this Court in *East Orange v. Palmer,* 47 *N. J.* 307 (1966), and provides that when real property is acquired by the State, a state agency or a state-created authority, the property becomes tax exempt on January 1 of the calendar year next after the date of acquisition.[1] If a property owner has, in such case, paid taxes forward of the date of acquisition by the State he is entitled to reimbursement therefor, *N. J. S. A.* 54:4–3.3d; but if the taxes for that portion of the year have not been paid, the acquiring State or state agency or authority is required to pay them to the municipality. *Ibid.* The Superior Court is granted jurisdiction summarily to resolve any dispute between the State (or agency or authority) and an owner in relation to such apportionment. *N. J. S. A.* 54:4–3.3e.

---

[1] In reference to the Turnpike Authority, we have held that exemption does not begin, in any case, until the property is used as part of a turnpike project or is held with the present intent so to use it within a reasonable time. *N. J. Turnpike Authority v. Washington Tp.,* 16 *N. J.* 38, 43 (1954) ; *N. J. S. A.* 27:23–13. The discussion in the text, of *L.* 1971, *c.* 370, is therefore to be understood in the light of the cited case and statute.

In view of the foregoing, and apart from the fact that the owners of the properties were not parties before the Division, the jurisdiction of the Division of Tax Appeals to have entered upon the determination of the mutual obligations of the State and the owners with respect to the rollback taxes was at least open to question. However, we need not pass upon the point of jurisdiction in this appeal.

Judgment affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.