160 N.J. Super. 373 (1978)
389 A.2d 1021
ANNE VICENDESE, PLAINTIFF AND INTERVENOR,
v.
J-FAD, INC., A NEW JERSEY CORPORATION, FRANK VICENDESE, ANTHONY VICENDESE AND DANIEL VICENDESE, DEFENDANTS. FRANK VICENDESE AND ANTHONY VICENDESE, PLAINTIFFS,
v.
J-FAD, INC., A NEW JERSEY CORPORATION, DEFENDANT. B & S CAPITAL CO., A PARTNERSHIP OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
J-FAD, INC., A NEW JERSEY CORPORATION, DEFENDANT. BERKELEY HARDWARE & MILL SUPPLIES, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
J-FAD, INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 8, 1978.
*376 Messrs. Cohen & Cohen, attorneys for plaintiff-intervenor (Mr. Wynn M. Goldstein, of counsel).
Messrs. Weiner, Schoifet & Hendler, attorneys for J-Fad, Inc., Frank Vicendese, Anthony P. Vicendese, Daniel Vicendese, Berkeley Hardware & Mill Supplies and B & S Capital Co.
DI BUONO, A.J.S.C.
This is a motion by the absentee, Anne Vicendese, to vacate three default judgments entered against J-Fad, Inc., to intervene in these actions and to remove and consolidate these matters into the Chancery Division action of Anne Vicendese v. J-Fad, Inc., et al. (Docket #C-4135-76).
On August 15 and 16, 1977 the three following actions were instituted in the Law Division, Union County, against J-Fad, Inc.: Frank Vicendese and Anthony Vicendese v. J-Fad, Inc., a New Jersey corporation (Docket L 50223-76), B & S Capital Co., a partnership of the State of New Jersey v. J-Fad, Inc., a New Jersey corporation (Docket L 50207-76), and Berkeley Hardware & Mill Supplies, Inc., a New Jersey corporation, v. J-Fad, Inc., a New Jersey corporation (Docket L 50206-76). The same attorney represented plaintiffs in all of the actions. Frank and Anthony Vicendese are shareholders, officers and directors of defendant J-Fad, Inc. James Vicendese, deceased, was a brother of Frank and Anthony Vicendese and the husband of the *377 absentee, Anne Vicendese. Anne Vicendese is a minority shareholder of J-Fad, Inc. J-Fad, Inc.'s primary asset was unimproved land with a value somewhat in excess of $100,000.
The three actions are summarized as follows. The Berkeley Hardware & Mill Supplies, Inc. matter is an action on a lease for $100 a month rent for storage of J-Fad, Inc.'s books and records. Anthony Vicendese signed the lease as landlord, and Frank Vicendese signed the lease for J-Fad, Inc. The B & S Capital Co., action is for $15,000 due on three promissory notes. Frank and Anthony Vicendese, the controlling partners of plaintiff, signed the notes as representatives of defendant. The third case is by Frank and Anthony Vicendese for notes due, and for unpaid salary, which they, in their capacity as directors of J-Fad, Inc., retroactively awarded themselves for their services as officers for the past five years.
On July 20, 1977 plaintiff's attorney sent a letter to Anne Vicendese stating that proceedings against J-Fad, Inc. will be instituted and that she will not be notified. On September 14, 1977 copies of the Complaint were sent to the absentee's attorney. J-Fad, Inc., which was controlled by plaintiffs, did not answer the complaint. In October 1977 defaults were entered. On November 14, 1977 the absentee filed this notice of motion, which was heard on December 2, 1977. Execution on the judgments was staved pending the determination of this motion.
Anne Vicendese has brought a Chancery Division action against J-Fad, Inc. and Frank and Anthony Vicendese for misuse of their powers as directors of J-Fad, Inc., including the dissipation of the corporation assets, and for a declaration of her ownership interest in J-Fad, Inc.
Notwithstanding a stay of execution of the default judgments, J-Fad, Inc. sold the real property and paid part of the proceeds in voluntary satisfaction of the three default judgments. Plaintiffs contend that this action has rendered the motion to vacate and intervene moot. The court does *378 not accept this argument in light of the factual circumstances presented. As is obvious from the record, the three plaintiffs in the Law Division matters are all controlled or owned by Frank and Anthony Vicendese. Similarly, J-Fad, Inc. is controlled by them. Anne Vicendese, the absentee, is a minority shareholder of J-Fad, Inc. By allowing these default judgments, the corporation's assets and the value of the absentee's stock are now greatly reduced.
This court will treat the three different Law Division cases together because there is an underlying purpose of dissipating the funds of J-Fad, Inc., in order to eliminate the interest of Anne Vicendese. In the Berkeley action, on its face it is improvident to pay $100 a month to rent office space to house the meager books and records of unimproved real estate with a value of about $130,000. It is equally implausible that two controlling shareholders would receive $3,000 salaries, retroactive for five years, for their role as officers, as Frank and Anthony Vicendese claim in their action. The third matter, B & S Capital Co., is equally incredulous. Proceeds from the promissory notes were used to pay the salary and rent debts owed to Frank and Anthony Vicendese (the subjects of the two other actions).
Pursuant to R. 4:50-1(c) and (f), the judgments should be vacated. However this motion to vacate cannot be granted until the propriety of the intervention is resolved, since the movant is not the defendant, but the absentee.
Our R. 4:33-1, intervention as of right, is the same as Fed. R. Civ. P. 24(b) (2), and R. 4:33-2, permissive intervention, is the same as Fed. R. Civ. P. 24(b) (2). The paucity of New Jersey cases on this rule, and the novelty of this factual situation, has rendered it necessary, and desirable, to refer to the case law of other jurisdictions and the federal courts, as well as secondary authorities.
R. 4:33-1 sets out the four criteria for determining intervention as of right. The applicant must show that
1. An interest relating to the property or transaction which is the subject of the action;

*379 2. he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest;
3. the existing parties have not demonstrated that they are adequately representing the absentee, and
4. the application is timely.
If these criteria are met, an application for intervention as of right must be approved by the court. Unlike permissive intervention, intervention as of right is not discretionary. 7A Wright and Miller, Federal Practice and Procedure, § 1902 at 467.
The first requirement, an interest in the property which is the subject of the action, is easily met by the absentee. As a shareholder of J-Fad, Inc., the outcome of the litigation will affect the assets of the corporation and the value of its stock. This is a direct pecuniary interest in the result of the litigation and so the absentee's interest is clear. There have even been cases which have held that a specific legal or equitable interest is not necessary. See Nuesse v. Camp, 128 U.S. App. D.C. 172, 178, 385 F.2d 694, 700 (D.C. Cir.1967).
The second requirement, that of the ability of the absentee to protect his interest, is related to the first requirement of interest in the property. There may be a possible assertion by Frank and Anthony Vicendese of collateral estoppel, or res judicata, because of the three Law Division cases, in the Chancery Division action. The Advisory Committee's Notes on the 1966 amendments to Fed. R. Civ. P. 24 states that since "an absentee should be joined so that he may protect his interest which as a practical matter may be substantially impaired by the disposition of the action, he ought to have a right to intervene on his own motion." This is especially true, when, as in these cases, many, if not all of the factual and legal contentions in the Law Division are involved in the Chancery Division shareholder suit by the absentee.
*380 The third requirement for intervention as of right is that the absentee must negate a showing by the existing parties that the applicant is already adequately represented. Here, the absentee's interests are not being represented because J-Fad, Inc. has defaulted. Furthermore, in these cases there is an allegation of collusion between plaintiffs and defendant corporation, since Frank and Anthony Vicendese appear to be in control of plaintiffs and J-Fad, Inc. It would seem that the absentee's interest has not been represented at all.
Even if ultimately there is no finding of fraud or collusion, the court is under an obligation to accept the reasonable allegations of the proposed pleadings as true for the purposes of determining the propriety of the intervention. Stadin v. Union Electric Co., 309 F.2d 912, 917 (8 Cir.1962). This balancing test is well articulated in Wright and Miller, op. cit., § 1909 at 533:
* * * [S]ince the Rule is satisfied if there is no serious possibility that the representation may be inadequate, all reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that he may be heard on his own behalf.
The final consideration in this matter is timeliness. Because default judgments have already been obtained, plaintiffs have argued that the motion to intervene is moot or untimely. The general rule is if intervention will neither prejudice the rights of existing parties to the litigation nor substantially interfere with the orderly processes of the court, "the mere fact that judgment has already been entered should not by itself require an application for intervention to be denied." Wright and Miller, op. cit., supra, § 1916 at 582. See also, Liston v. Butler, 4 Ariz. App. 460, 421 P.2d 542, 548 (Ct. App. 1966).
In the case of Cuthill v. Ortman-Miller Machine Company, 216 F.2d 336 (7 Cir.1954), an action by a former employee for unpaid compensation, defendant corporation failed to offer any evidence at trial. Judgment for plaintiff was entered, *381 and on the same day defendant satisfied the judgment by full payment to the clerk of the court. The absentee, a 20% stockholder, then made an application for intervention. The absentee asserted that the corporation had owed plaintiff nothing, and that by failing to resist the suit the court and the absentee were defrauded. The assertion of the absentee was that this was part of a planned effort by the shareholders and the corporate attorneys to fraudulently force the absentee out of the business and to deprive him of his investment. The Seventh Circuit held that since in reality there was no adversary trial of the issues in the case, there was no prejudice to the rights of the existing parties or to the courts by allowing intervention.
In the matters at hand there was no trial and the judgments were obtained merely by default. The absentee has not yet had her day in court and she should be permitted to intervene as a matter of right.
Even if the absentee did not meet the criteria of R. 4:33-1, she clearly meets the requirements of R. 4:33-2 for permissive intervention.
The necessary circumstances for permissive intervention are that the claim or defense of the absentee must have a question of law or fact in common with the existing action, and that the court, in its discretion, does not believe that the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
The default judgments are hereby vacated, and the absentee, Anne Vicendese, is authorized to intervene as of right in the Law Division actions. The Law Division cases are consolidated with the action in the Chancery Division.