KUSKIN, J.T.C.
Zeta Consumer Products Corp. (Zeta) has moved, pursuant to R. 4:33-1, to intervene as of right as a party plaintiff in this 1995 local property tax appeal. Plaintiff Mobil Administrative Services Co. (Mobil) and defendant Mansfield Township oppose the motion.

I

On June 1, 1995, Mobil filed a complaint with the Tax Court appealing a judgment of the Warren County Board of Taxation affirming the 1995 property tax assessment on Mobil’s property which is designated as Block 1501, Lot 7 on the Mansfield Township tax map. On January 25,1996, the Tax Court Management Office sent a case management notice to the parties scheduling the matter for trial on April 16,1996.
On August 30, 1995, Mobil, as seller, entered into a contract of sale (contract) to sell the subject property to Zeta for a price of $3,550,000. The contract contains no reference to the pending 1995 tax appeal and provides that local property taxes will be apportioned as of the date of closing of title. Closing occurred on September 27,1995.
By letter dated December 22, 1995, Zeta’s tax appeal attorneys advised Mobil’s attorneys of Zeta’s purchase of the subject property, inquired as to whether a 1995 property tax appeal was pending and requested that, if an appeal was pending, no settlement be *587 made without Zeta’s involvement. By letter dated January 11, 1996, Zeta’s attorneys requested from Mobil’s attorneys a copy of the 1995 tax appeal complaint and requested a telephone conference to discuss “joint prosecution of the case.”
By another letter dated January 11, 1996, to the attorney for Mansfield Township, Zeta’s attorneys requested a meeting to discuss the 1995 assessed value. By letter dated January 24, 1996, the attorney for Mansfield requested the attorneys for Zeta to provide copies of documents relating to Zeta’s purchase of the property, an itemization of any personal property which Zeta contended was included in the sale and any other data which might be “helpful in evaluating the value of this property.”
On March 5, 1996, Zeta filed its motion to intervene. Zeta failed to include in its motion papers “a pleading setting forth the claim ... for which intervention is sought” as required by R. 4:33-3, but, pursuant to the court’s direction at oral argument, Zeta has submitted a pleading containing allegations of excessive and discriminatory assessment that are essentially the same as those in Mobil’s Tax Court complaint.
Between January 24, 1996, and March 13, 1996, Mobil and Mansfield Township reached a settlement agreement under which the 1995 assessment of $6,000,000 would be reduced to $5,500,000. On March 13,1996, the governing body of the Township adopted a resolution approving the settlement. On March 14, 1996, the attorneys for Mobil advised the Tax Court that the 1995 appeal was settled. A stipulation of settlement was submitted on March 29, 1996, but has not been processed for entry of judgment pending decision of Zeta’s motion.

II

Zeta’s motion can be granted only if: 1) Zeta has standing to intervene; 2) Zeta’s intervention will not violate the applicable statute of limitations or filing deadline; and 3) Zeta’s application satisfies the requirements of R. 4:33-1. This rule provides
Upon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the *588 subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
The issue of standing could be regarded as encompassed by the requirement of “an interest relating to the property” contained in the rule, and the issue of statute of limitations could be regarded as encompassed by the requirement for “timely application” contained in the rule. These two issues are, however, applicable to all litigation and, therefore, are more appropriately considered independently of the specific provisions of R. 4:33-1.
I deny Zeta’s motion because Zeta lacks standing to intervene in this appeal. Under N.J.S.A 54:3-21 only a “taxpayer” may appeal a local property tax assessment, by filing a petition of appeal with a county board of taxation or a complaint with the Tax Court by April 1 of the year of appeal. Under N.J.S.A 54:51A-1(a) only a “party who is dissatisfied with the judgment, action or determination of the county board of taxation” may file an appeal to the Tax Court. As of the April 3, 1995, filing deadline for a 1995 tax appeal (April 1 was a Saturday), Zeta was not a “taxpayer” within the meaning of N.J.S.A. 54:3-21 because, as of such date, it had no interest in the subject property and no obligation to pay property taxes assessed to the property. See Village Supermarkets, Inc. v. West Orange Tp., 106 N.J. 628, 631-33, 525 A.2d 323 (1987). Similarly, as of July 13, 1995, the deadline for filing an appeal with the Tax Court from the judgment of the Warren County Board of Taxation, Zeta was not a taxpayer and was not (and is not today) a “party” dissatisfied with the judgment of the County Board. As of each filing deadline, therefore, Zeta lacked standing to appeal the subject assessments. Zeta cannot create such standing by its motion to intervene. “Clearly those without standing in the first instance are also without sufficient interest to warrant intervention.” Pressler, Current N.J. Court Rules, comment on R. 4:33-2 (1996).
Zeta’s position is analogous to that of William Leighton in Pogostin v. Leighton, 216 N.J.Super, 363, 523 A.2d 1078 (App.Div.), certif. denied, 108 N.J. 583, 531 A.2d 1356, cert. denied, 484 U.S. 964, 108 S.Ct. 454, 98 L.Ed.2d 394 (1987). Mr. Leighton *589 objected to the settlement of a class action lawsuit which challenged a proposed merger by Uniroyal, Inc. The trial court had certified the class as all holders of Uniroyal first preferred stock as of May 6, 1985, the date the merger agreement was signed. The merger agreement was approved by Uniroyal’s shareholders on September 23, 1985. Leighton acquired his shares after such date. The Appellate Division held: “Since Leighton had not obtained his shares of Uniroyal first preferred by [May 6,1985, or by September 23, 1985], he lacked standing to bring this appeal.” Id. at 377, 523 A.2d 1078. Since Zeta acquired its interest in the subject property after expiration of the appeal deadlines, it lacks standing to intervene.
Zeta contends that denial of its motion to intervene would deny its constitutional right to protect and assert its “interest” in the 1995 assessment and taxes with respect to the subject property. This contention is without merit. “[L]ocal property taxes are not assessed against a property owner, and a property owner has no personal liability for such taxes. Local property taxes are assessed against property, and, if unpaid, they become a lien against the property.” Freehold Office Park v. Freehold Tp., 12 N.J.Tax 433, 440 (Tax 1992) (citation omitted); accord State v. Washington Tp., 73 N.J. 182, 184, 373 A.2d 652 (1977). Mobil, by filing a timely appeal, challenged the 1995 assessment against the subject property. That Zeta may disagree with, and cannot participate in, the outcome of the appeal does not result in denial of constitutional rights. “If the requirements of due process have been satisfied as to a prior property owner, then, with respect to local property tax, due process is satisfied as to a successor in title.” ADP of New Jersey, Inc. v. Parsippany-Troy Hills Tp., 14 N.J.Tax 372, 377 (Tax 1994); see also Carriage Four Assocs. v. Teaneck Tp., 13 N.J.Tax 172, 180-81 (Tax 1993); Central Bergen Properties v. Elmwood Park, 6 N.J.Tax 495, 498-99 (Tax 1984).
Zeta’s interest in the 1995 tax assessment on the subject property was known, or at least knowable, by it when it signed the purchase contract on August 30,1995. Zeta could, therefore, have *590 included provisions in the contract which required its consent to the resolution of any pending tax appeal. The contract is, however, barren of any such provisions. Apparently, Zeta made no inquiries as to the existence of a tax appeal, and had no expectancy, as of the date of contract signing or as of the date of closing, that it would receive any reduction in 1995 local property taxes. Any refund resulting from Mobil’s efforts, therefore, will be a windfall.
It is the obligation of a purchaser to ascertain the facts concerning the property tax and the property tax assessment on the property that it proposes to purchase and to protect itself in its agreement with the seller as to any rights that it may wish to assert with respect to the property tax.
[ADP of New Jersey, supra, 14 N.J.Tax at 378-79.]
See also Central Bergen Properties, supra, 6 N.J.Tax, at 499-501. Zeta’s failure to include provisions in the contract protecting its interest in the 1995 tax appeal cannot be remedied by intervening in Mobil’s appeal. Zeta lacked standing to appeal as of the applicable filing deadlines and, accordingly, lacks standing to intervene.

Ill

Although not required for my decision, I believe it appropriate to set forth my analysis of the other legal issues relating to Zeta’s motion.
[TJhere is no constitutional mandate that a court may not go beyond what is necessary to decide a case at hand. Whether an issue will be dealt with narrowly or expansively calls for a judge’s evaluation of many things, including the need for guidance for the bar or agencies of government or the general public. To that end, the Court may express doubts upon existing doctrines, thereby inviting litigation, or may itself raise an issue it thinks should be resolved in the public interest, or may deliberately decide issues which need not be decided when it believes that course is warranted.
[Busik v. Levine, 63 N.J. 351, 363-64, 307 A.2d 571, appeal dismissed, 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973).]
The first additional legal issue relates to the applicability to Zeta’s motion of the statute of limitations or filing deadline for local property tax appeals. An application for intervention is
*591 subject to the applicable statute of limitations.[1] In Ioannou v. Ivy Hill Park Section Four, Inc., 112 N.J.Super. 28, 270 A.2d 295 (Law Div.1970), the court recognized that, for purposes of the statute of limitations, an intervenor’s action is commenced when the motion for intervention is filed. Id. at 38. Paragraph (a) of Fed.R.Civ.P. 24 (entitled “Intervention”) is virtually identical to R. 4:33-1, and the cases decided under Fed.R.Civ.P. 24(a) are in accord with Ioannou, supra. In Braxton v. Virginia Folding Box Co., 72 F.R.D. 124 (E.D.Va.1976) the court held:
The plaintiffs’ filing of a motion to intervene accompanied by proper pleadings is regarded as the commencement of an action for purposes of determining whether the action is barred by the running of the statute of limitations. An analogy is drawn between the motion to intervene in this context and a separate timely filed action. Where an action is voluntarily dismissed without prejudice, the parties are left as if the action had never been brought____ The analogy drawn between the motion to intervene and a separate action would compel the conclusion that the voluntary withdrawal of the motion to intervene likewise does not toll the running of the limitation period.
[Id. at 126 (citations omitted).]
Accord Jack v. Travelers Ins. Co., 22 F.R.D. 318, 319 (E.D.Mich. 1958).
The statute of limitations applicable to Mobil’s appeal to the Tax Court, and thus to Zeta’s application to intervene, is contained in N.J.S.A. 54:51A-9a which requires that an appeal from a judgment of a county board of taxation to the Tax Court be filed within “45 days of the service of the judgment.” The judgment of the Warren County Board of Taxation from which Mobil appealed is dated May 15, 1995, and indicates a mailing date of May 26, 1995. Accordingly, the forty-five day period for filing an appeal to the Tax Court expired on July 13, 1995. R. 8:4-1(a)(2); R. 1:3-3.
Filing deadlines for tax appeals are strictly enforced. “Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration *592 of local government.” F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985); accord New Jersey Transit Corp. v. Borough of Somerville, 139 N.J. 582, 590, 661 A.2d 778 (1995). Zeta’s motion to intervene was filed March 5, 1996, well past the statutory deadline, and, unless Zeta’s intervention can, for filing deadline purposes, relate back to the filing date of Mobil’s appeal, the lateness of Zeta’s application is “a fatal jurisdictional defect.” F.M.C. Stores, supra, 100 N.J. at 425; New Jersey Transit, supra, 139 N.J. at 589, 661 A.2d 778.
Courts considering the applicability of statutes of limitations, whether in the context of amendments to pleadings, assertion of counterclaims or intervention, have focused on the underlying policy of such statutes. In Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326, 266 A.2d 569 (1970), the Court permitted the plaintiff to amend his complaint to assert direct claims against third party defendants after the statute of limitations applicable to such claims had expired. The Court noted that, once the third party complaint was filed, the third party defendants “could not lie in repose but were called upon to prepare and defend.” Id. at 343, 266 A.2d 569. Because the plaintiffs direct complaint against the third party defendants contained “the same charges of negligence against [the third party defendants] as were set forth in the third party complaint,” id. at 342, 266 A.2d 569, permitting the late filing of the plaintiffs direct complaint caused no prejudice to the third party defendants. Id. at 343, 266 A.2d 569. Ioannou, supra, follows Lawlor and notes that motions to intervene and motions to amend pleadings are treated similarly for statute of limitations purposes. 112 N.J.Super. at 38, 270 A.2d 295.
In Harr v. Allstate Ins. Co., 54 N.J. 287, 255 A.2d 208 (1969) the Court liberally applied the predecessor to R. 4:9-3 covering the relation back of amendments to pleadings.
When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. WTiere the amendment [to the complaint] constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied.
[Id. at 299, 255 A.2d 208.]
*593 R. 4:9-3 provides that the relation back doctrine applies “Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading____”
The purpose of statutes of limitations is to prevent litigation of stale claims after witnesses become unavailable or can no longer remember what occurred. Lawlor, supra, 56 N.J. at 339, 266 A.2d 569. The purpose of the filing deadline applicable to local property tax appeals is somewhat different.
The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure. Municipal budgets must be finalized no later than the 90th day after the beginning of the budget year. N.J.S.A. 54:4-42. Real estate assessments, which constitute the bulk of a municipality’s income are established as of October 1 of the pretax year. N.J.S.A. 54:4-23. Throughout our tax legislation, it is clear that our legislature has attempted to set out a well organized time-table for the purpose of enabling a municipality to ascertain the amount of taxable ratables within the jurisdiction in order that it might adopt a responsible and fairly accurate budget.
[F.M.C. Stores, supra, 100 N.J. at 425, 495 A.2d 1313 (quoting Galloway Tp. v. Petkevis, 2 N.J.Tax. 85 (Tax 1980).]
Accord New Jersey Transit Corp., supra, 139 N.J. at 590, 661 A.2d 778.
Zeta’s motion to intervene was filed approximately eleven months after the expiration of the April 3,1995, filing deadline for 1995 appeals, N.J.S.A. 54:3-21, and approximately eight months after the deadline for filing an appeal to the Tax Court from the judgment of the Warren County Board of Taxation. Zeta’s complaint, however, asserts the same claims and issues as contained in the appeal filed by Mobil. As a result of Mobil’s appeal, the defendant municipality knew that its assessment on the subject property was being challenged. Zeta’s intervention would raise no new issues, but would merely add the name and interest of another owner of the same property to issues already raised by Mobil’s appeal.
The strict enforcement of tax appeal filing deadlines and the policy reasons behind such enforcement are not violated by treating Zeta’s motion to intervene as relating back to the date of Mobil’s filing. Zeta’s complaint asserts no causes of action, raises *594 no issues and seeks no relief different from those asserted, raised and sought by Mobil’s complaint. The municipal budgeting process has, as a result of Mobil’s appeal, already taken into account a potential assessment reduction and corresponding loss of tax revenue. Zeta’s intervention, therefore, is not precluded by the statutory tax appeal filing deadline.
The remaining legal issue is whether Zeta’s application satisfies the requirements of R. 4:33-1 which establishes four criteria applicable to a motion for intervention as of right.
The applicant must (1) claim “an interest relating to the property or transaction which is the subject of the action,” (2) show he is “so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest,” (3) demonstrate that the “applicant’s interest” is not “adequately represented by existing parties,” and (4) make a “timely” application to intervene. Intervention as of right under R. 4:33-1 is “not discretionary.” If all criteria are met, an application for intervention as of right must be “approved by the court.”
[Chesterbrooke Ltd. Partnership v. Planning Bd. of Chester Tp., 237 N.J.Super. 118, 124, 567 A.2d 221 (App.Div.), certif. denied, 118 N.J. 234, 570 A.2d 984 (1989); citation omitted.]’
Zeta satisfies all four criteria. As to criterion (1), Zeta has an interest in at least a portion of any refund resulting from the pending appeal. This interest arose as of the date of closing of Zeta’s purchase and, as discussed above, is not the equivalent of standing to intervene. Zeta contends that it is entitled to the entire refund, but this contention is not supported by the contract or by N.J.S.A. 54:4-56. This statute provides that, in the absence of a different agreement between the parties, the seller is responsible for taxes due through the date of delivery of the deed. The contract provides for apportionment of the taxes between the seller and purchaser as of the date of closing. The statute and contract, therefore, suggest that Zeta’s interest in a refund for tax year 1995 would be limited to that portion of the refund allocable to taxes payable after the date of closing, or approximately one-fourth of the refund. Even if Zeta’s interest is so limited, such interest is not de minimus and satisfies criterion (1). As to criterion (2), disposition of the appeal without Zeta’s participation will preclude Zeta from asserting its contentions as to value and proper assessment for 1995.
*595 Criterion (3) under R. 4:33-1 relates to whether the intervenor’s interest in the proceeding is adequately represented by the original parties. Mobil and the Township contend that Mobil adequately represents Zeta’s interest because Mobil is entitled to receive approximately three-fourths of the 1995 refund and because the refund resulting from the agreed $500,000 reduction in the assessment will be a significant amount. Zeta argues that its interest in the appeal includes not only its share of any 1995 refund, but also its concern as to future assessments on the property. Mobil concedes that it has no such on-going interest.
The concerns of Mobil are sufficiently different from those of Zeta so as to satisfy criterion (3). Because of its long term interest in the assessment of the subject property, Zeta might sacrifice a reduction in the 1995 assessment in exchange for a future reduction. Mobil has no such interest. Alternatively, Zeta might desire to obtain the maximum possible reduction in 1995 and invoke the protection of the Freeze Act, N.J.S.A. 54:51A-8, for 1996 and 1997. Mobil might simply wish to dispose of the 1995 appeal without incurring unnecessary expense. Under either scenario, Zeta’s interests are demonstrably different from Mobil’s.
Criterion (4) requires that the application for intervention be “timely.” In general, an application will be deemed timely “if intervention will neither prejudice the rights of existing parties to the litigation nor substantially interfere with the orderly processes of the court____” Vicendese v. J-Fad, Inc. 160 N.J.Super. 373, 380, 389 A.2d 1021 (Ch.Div.1978); see also State v. Lanza 39 N.J. 595, 600, 190 A.2d 374 (1963), cert. denied, 375 U.S. 451, 84 S.Ct. 525, 11 L.Ed.2d 477 (1964). In determining timeliness the court must also consider the purpose for which intervention is sought. Chesterbrooke, supra, 237 N.J.Super at 125, 567 A.2d 221.
Zeta notified Mobil and Mansfield Township of its interest in the appeal before the settlement agreement was consummated, and the motion to intervene was filed and heard before the first scheduled trial date for Mobil’s appeal. Zeta’s rights as a party plaintiff could easily be accommodated without a significant delay in the litigation. Intervention by Zeta might result in the abroga *596 tion of the settlement agreement between Mobil and the Township and would impair Mobil’s ability to control the appeal. This “prejudice” to Mobil does not, however, result from the timing of Zeta’s application, but is the inevitable result of the intervention itself.
Zeta’s motion should have been filed more promptly after its attorneys learned of the existence of the pending appeal, but the delay does not require denial of the motion.
An essential prerequisite to intervention is timeliness, which should be equated with diligence and promptness. One who is interested in pending litigation should not be permitted to stand on the sidelines, watch the proceedings and express his disagreement only when the results of the battle are in and he is dissatisfied.
[Hanover Tp. v. Morristown, 118 N.J.Super. 136, 143, 286 A.2d 728 (Ch.Div.), aff'd, 121 N.J.Super 536, 298 A.2d 89 (App.Div.1972), certif. denied, 62 N.J. 427, 302 A.2d 131 (1973).]
Zeta’s delay in filing the motion did not constitute an attempt to await “the results of the battle,” and Zeta was reasonably diligent in notifying Mobil and Mansfield of Zeta’s interest in the property and the appeal. Zeta’s application to intervene is, therefore, “timely” within the meaning of criterion (4).

IV

Even though Zeta’s motion satisfies the requirements of R. 4:33-1 and intervention is not barred by the applicable filing deadline, I deny the motion because, as set forth above, Zeta lacks standing to intervene. Accordingly, judgment will be entered in accordance with the Stipulation of Settlement between Mobil and Mansfield Township.

 There is, in the class action context, a limited exception to the requirement that a motion to intervene comply with the applicable statute of limitations. This exception is not applicable here. See e.g., American Pipe & Constr. Co. v. *592 Utah, 414 U.S. 538, 560-61, 94 S.Ct. 756, 769-70, 38 L.Ed.2d 713, 730-31 (1974).