NEW AUDITORIUM PIER COMPANY, PROSECUTOR, v. TAXING DISTRICT OF ATLANTIC CITY, &c.

Argued November 7, 1906—Decided February 25, 1907.

A personal covenant in a lease that the lessee will pay the taxes assessed against the property of the lessor mentioned in the lease does not, as between the taxing district and the lessee, make the lessee the owner or taxpayer within the meaning of the General Tax act, approved April 8th, 1903, and hence entitle him to notice of proceedings by the owner to apportion taxes upon the leased property and other property of the lessor and owner.

On *certiorari.*

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Bourgeois & Sooy.*

For the defendant, *John C. Reed.*

The opinion of the court was delivered by

FORT, J.    The prosecutor in this case is a tenant of the Mary A. Riddle Company, a corporation.    The Mary A. Riddle Company is the owner of land in Atlantic City lying in two parcels, one on the inside and the other on the outside of the boardwalk.

An assessment was made against the Mary A. Riddle Company in a lump sum on the entire property.    A petition was presented by the Mary A. Riddle Company to the commissioners of appeal in cases of taxation, against the single assessment, and a request for the division of such assessment upon the several parcels made.    This was granted, and the commissioners divided the assessment, apportioning it on the separate tracts owned by the said Mary A. Riddle Company.    One of the tracts, that lying outside of the boardwalk, was leased by the Mary A. Riddle Company to the New Auditorium Pier Company, the prosecutor in this case.    Among the other covenants in the lease was the following:

"And the said party of the second part [that is, the Pier company] does hereby covenant and agree to and with the said party of the first part [that is, the Riddle company] to pay the said yearly rental in manner aforesaid, and to pay all taxes levied on said land or buildings that may be erected thereon, and at the expiration of said term to yield up and surrender the possession thereof to the said party of the first part."

The prosecutors seek to have this tax set aside because, they say, no notice was given to them of the levying of the tax. They admit that notice was given to the Mary A. Riddle Company, who was the owner of the property, and that the apportionment and division of the tax was made upon the petition of the owner.

The twenty-seventh section of the General Tax act of 1903 (*Pamph. L., p.* 411) provides for the meeting of the commissioners of appeal to hear complaints and review taxes and for the bringing before them of the assessment lists and for action on any assessment, at the request of any taxpayer, and upon such request to apportion the assessment and taxes fairly among separate and distinct parcels of his property. In the case before us this provision of the statute seems to have been pursued with strictness. In fact, no question is made as to that, or that the owner or the taxpayer had the notice required by statute. The prosecutor in this case cannot be deemed to be the taxpayer. His covenant to pay taxes is a personal one. The tax was rightly levied against the Mary A. Riddle Company, and as to the city the Mary A. Riddle Company was the taxpayer. That company only could apply for an apportionment as was done in this case, and that company only could appeal from the tax imposed upon the property.

In our view, the prosecutor in this case is without standing to prosecute this writ, and it is dismissed, with costs.