LARIO, J.T.C.
The issue raised by this motion is whether a county board of taxation had jurisdiction to entertain a petition of appeal filed by a tenant and to issue a judgment reducing the local property’s real estate tax assessment.
Ewing Township appeals from a judgment entered for the tax year 1984 covering a one-story industrial building situated on 2.83 acres identified on the municipal tax map as Block 12, Lot 2. From March 1969, and continuing through the full calendar year of 1984, title to the property was held by New Jersey National Bank and Anita Kaplan, trustees, et al. Throughout this period the property was leased to defendant, Mercer Paper Tube Corporation (MPTC) who was the sole tenant.
In August 1984 MPTC, in its name as plaintiff, filed a petition of appeal with the Mercer County Board of Taxation contesting the 1984 assessment. The taxing district moved before the county board to dismiss the petition claiming MPTC as a lessee *86 lacked standing to appeal. The county board denied the municipality’s motion, proceeded to a hearing and entered judgment reducing the assessment. Ewing then appealed to this court in two counts claiming (A) the county board had no jurisdiction to hear MPTC’s petition of appeal since it was not the owner; and (B) contesting the county board’s determination of assessable value. MPTC has now filed this motion to strike the count in Ewing’s complaint contesting the county board’s jurisdiction to entertain MPTC’s petition of appeal.
Under its lease agreement, MPTC assumed the obligation to pay all expenses incurred for maintenance, repair and operation of the building, including all real estate taxes. The lease is silent as to whether the lessee has the right to contest real estate tax assessments. MPTC filed an affidavit executed by the attorney for the owners stating that in addition to being attorney for the owners, he was also authorized by them to handle all matters pertaining to the property; that he was delegated responsibility for making decisions regarding the lease agreement; that in July 1984 defendant’s principal officer advised him of MPTC’s intention to file a tax appeal; and that he did not raise any objection since the tenant was required to pay the taxes. Plaintiff responds that this does not constitute authority from the owners to the tenant to file the county board appeal.
The right to appeal local real property assessments is granted by N.J.S.A. 54:3-21 which provides in pertinent part: “A taxpayer feeling aggrieved by the assessed valuation of his property ... may, on or before August 15, appeal to the county board of taxation by filing with it a petition of appeal.” Emphasis supplied.
The taxing district argues that a tenant who does not have express written authority from the owner to litigate its tax assessment does not qualify as a taxpayer under the statute. It relies upon the reasoning expressed in Village Supermarkets, Inc. v. West Orange Tp., 6 N.J.Tax 481 (Tax Ct.1984).
*87 The tenant counters that it is a taxpayer entitled to appeal because: (1) even if the acquiescence by the attorney for the lessor does not constitute authority, since it was responsible for every aspect of the property’s management expenses including taxes, by implication, the lease agreement granted it the right to appeal; and (2) the taxing district is estopped from denying the tenant is a taxpayer because (a) since 1977 it has mailed the tax bills directly to the tenant; and, (b) the issue of whether MPTC is a taxpayer was previously and fully litigated.
There is absolutely no merit to MPTC’s last two arguments. Mailing tax bills to other than the owner, at his request or with his consent, is a courtesy extended by the municipal tax collector to facilitate tax payments; it has no legal significance. The prior litigation relied upon by defendant as its basis to invoke the doctrine of collateral estoppel was an appeal by defendant from a use variance to nearby property granted by the township’s zoning board of adjustment. The right to appeal a decision of a municipal agency, is controlled by N.J.S.A. 40:55D-17, which permits appeals by an “interested” party. Whether MPTC was a taxpayer within the meaning of N.J.S.A. 54:3-21 was not litigated in that proceeding. Application of the doctrine of equitable estoppel against the taxing district based upon the last two arguments presented by defendant is inappropriate. N.J. Turnpike Auth. v. Washington Tp., 137 N.J.Super. 543, 552, 350 A.2d 69 (App.Div.1975), aff’d o.b. 73 N.J. 180, 373 A.2d 652 (1977).
It is the municipality’s contention that the words “taxpayer” and “owner” have the same meaning, citing Village Supermarkets, Inc., supra, wherein this court stated:
It is apparent from the above that both the courts and the Legislature have treated the term "taxpayer” as designating that party whose obligation to the government is direct, rather than one whose rent is measured by the landlord’s obligation to the government. Accordingly, a tenant has no authority, solely by virtue of its tenancy, to commence an action challenging a local property tax assessment. [6 N.J.Tax at 485]
Village Supermarkets is distinguishable in that there the tenant to whom the court denied standing to appeal occupied only a portion of the assessed property which was a shopping plaza. *88 Under its lease it was not responsible for the plaza’s total tax; instead it was chargeable with only the proportionate share that its leasehold bore to the entire property. Judge Hopkins pointed out that by reason of the ruling in Rabstein v. Princeton Tp., 187 N.J.Super. 18, 453 A.2d 553 (App.Div.1982), an appeal could result in an increased assessment for the entire property; therefore, he concluded that the tenant did not possess the authority to appeal a partial assessment. However, he specifically left open the question of whether a tenant chargeable with the total tax had an implied right to appeal the total assessment. Village Supermarkets, Inc., supra, 6 N.J.Tax at 487.
The specific question to be determined by this motion is whether MPTC as sole tenant of real property for the full calendar tax year who is obligated under its lease to pay real estate taxes in full is an “aggrieved taxpayer” within the intendment of N.J.S.A. 54:3-21, thereby giving him standing to appeal.
Defendant contends that “taxpayer” means anyone who pays taxes; whereas, it is the municipality’s contention that as used herein “taxpayer” means “owner” — the person whose obligation to the government is direct.
The words “taxpayer,” “aggrieved,” and “property” as used in this statute are not defined therein nor in any of our other tax statutes, either present or past. These words as they presently appear in N.J.S.A. 54:3-21 were first utilized in legislation adopted in 1906. Prior thereto, predecessor provisions of N.J.S.A. 54:3-21 provided for an assessment correction where “the value of the taxable property, for which any person is therein assessed, is too great.” A. 1862 (March 26, 1862); emphasis supplied. It was later amended to permit a change in assessment “on application by any individual or representative of any taxing district.” A. 1900, c. 74. (An act creating a county board of commissioners to equalize assessments for taxes and defining their powers and duties. Approved March 22, 1900.). It was again changed by directing: “The commis *89 sioners of appeal ... shall examine all aspects presented to them in writing by taxpayers.” A. 1903, c. 208, Art. V. (27). (An act for the assessment and collection of taxes. Approved April 8, 1903.). This act also contained the following clause:
The goods and chattels of the tenants or other persons in possession or having the care of any real property shall be liable for the payment of the tax on the land, and on payment may recover the same from the landlord or owner by action on contract or by deducting the sum so paid out of the rent then or afterwards due, unless other wise provided by his contract with the landlord. [L. 1903, a 208 Art. VI, § 46]
The 1903 act was supplemented by L. 1906, c. 120 (1906 act) which established in each county of this State “for the equalization, and enforcement of taxes” county boards of taxation who, in addition to other powers, were charged as follows:
It shall be the duty of each of such county boards to meet from time to time, as they shall deem proper, and any taxpayer feeling aggrieved by the assessed valuation of his property in such county, or feeling that he is discriminated against by the assessed valuation of any other property in such county, or any taxing district which may feel discriminated against by the assessed valuation of the property within such taxing district, or by the assessed valuation of property in any other taxing district in such county, may, within such time, and upon such terms as the said board shall by rule prescribed, file a petition of appeal to such board, setting forth therein the cause of complaint, the nature and location of such assessed property and the relief sought. [L.1906, c. 120, § 3; emphasis supplied]
This language, virtually unchanged, has been retained or reenacted in all amendments and supplements to this appeal statute enacted to date, including the present version as contained in N.J.S.A. 54:3-21.
The 1906 act, as do its predecessor and successor acts, also fails to define “taxpayer,” “aggrieved,” or “property”; however, “taxpayer” as used therein unquestionably refers to all persons subject to assessment for taxation under the act. Property assessable for taxation under this 1906 act was not confined to real property; included were assessments for real estate mortgages, debts and most all other personal property. Assessments were also levied for dog and poll taxes.
Auditorium Pier Co. v. Atlantic City, 74 N.J.L. 303, 65 A. 855 (Sup.Ct.1907), cited in Village Supermarkets, supra, dealt with an assessment made under the 1903 act and not the 1906 *90 act. Additionally, it was not an appeal to the then commissioners of appeal to reduce the assessment. There, plaintiff was a lessee who leased only a part of lands owned by the lessor and it was required to pay the taxes on the portion leased. Originally, the entire property had been assessed in a lump sum and the owner presented to the commissioners a petition against the single assessment, requesting that the assessment be divided into two parcels, one on the inside and one on the outside of the boardwalk. This petition was granted by the commissioners. Thereafter, the tenant brought an action on certiorari in the Supreme Court seeking to have the tax on the outside lot, its leased parcel, set aside “because, they say, no notice was given to them of the levying of the tax.” Auditorium Pier Co., supra, 74 N.J.L. at 304, 65 A. 855. After noting that the prosecutor (tenant) admitted that notice was given to the owner and that the apportionment and division of the tax was made upon petition of the owner, the court pointed out that the commissioners acted in accordance with the dictates of the General Tax Act of 1903 in effect at that time which required them “to hear complaints ... of any taxpayer and upon such request to apportion the assessment and taxes fairly among separate and distinct parcels of his property.” Id. at 305, 65 A. 855. The court held that the commissioners complied strictly with the provisions of the 1903 statute and that “the prosecutor in this case could not be deemed to be the taxpayer.” Id. at 305, 65 A. 855; emphasis supplied. It is also noted that the 1903 statute which controlled the issue therein presented, thereafter, was completely revised by the 1906 act; the prototype of the present statute, which for the first time granted the right to appeal to “any taxpayer feeling aggrieved by the assessed valuation of his property ... or feeling that he is discriminated against by the assessed valuation of any other property.” L.1906, c. 120, § 3; emphasis supplied.
Between 1906 and the date of the adoption of the most recent amendment to N.J.S.A. 54:3-21, L.1983, c. 36 1113, all assessments except for real property have been excluded from taxation under this act; nevertheless, the words referring to ag *91 grieved taxpayer were retained. Had the Legislature chosen not to afford the word “taxpayer” its usual and commonly understood meaning but intended to confine the right to appeal property taxes to the narrow class as proposed by the taxing district, it could have done so easily by using more restrictive words such as “property owner” or other term of art; this it did not do. It can be reasonably inferred that it has been and still is the Legislature’s purpose to afford the right to appeal essentially to any person whose tax payments are adversely affected by an improper assessment and not only an owner in fee of the assessed property appealed.
This interpretation of the Legislature’s intent is further advanced by the fact that in adopting legislation permitting municipalities to tax non-exempt leases of otherwise tax-exempt property, N.J.S.A. 54:4-2.3, it also specifically gave to that lessee the same right to appeal as given to owners of real estate. N.J.S.A. 54:4-2.7. Since the Legislature expressly gave this right to lessees of otherwise exempt property, why would it deprive lessees of taxable property this same right? I must impute to the Legislature an intent so far as possible to avoid such an incongruous result.
I conclude that the Legislature intended to include within the class of “aggrieved taxpayers,” given the right to appeal tax assessments, any lessee whose lease covers the full tax year[1] and requires him to pay the full assessment of the taxes levied. I further conclude because real estate taxes are a lien against the real estate, N.J.S.A. 54:5-6, and since in addition to a possible reduction there also exists the risk of an increased assessment, F.M.C. v. Morris Plains Boro., 100 N.J. 418, 495 A.2d 1313 (1985); even though the tenant is solely responsible for the taxes, the owner of the real property is a necessary party, therefore any appeal by the sole tenant, such as here, must be instituted in the name of the owner by the tenant as *92 express agent for the owner, or, as co-plaintiff, or, in lieu thereof, the owner must be included as co-defendant. In addition to providing the owner with due process this requirement avoids any future question that may arise relating to the collector of taxes’ obligation and responsibility concerning the correct payee of any possible tax refund.
Defendant is granted authority to immediately amend its pleadings by filing within 30 days from the date hereof, a certification executed by the owner confirming defendant’s authority to have instituted, as its agent, this appeal; or, in lieu thereof, within said period, it shall file an amended answer and cross-complaint, with proof of service, naming the owner as a third-party defendant. Upon compliance therewith defendant’s motion to strike the count of plaintiff’s complaint referring to jurisdiction will be granted.

 This court specifically makes no finding concerning the standing of a tenant whose lease term is not for the full tax year since that issue is not before it.