NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

November 4, 2020

VIA eCOURTS
Kelsey A. McGuckin-Anthony, Esq.
Dasti, Murphy, McGuckin, Ulaky
Koutsouris & Connors
506 Hooper Avenue
Toms River, New Jersey 08753

VIA eCOURTS
Tova Lutz, Esq.
The Lutz Law Group
121 Ridge Avenue
Passaic, New Jersey 08608

> Re: Bradshaw Equities LLC[1] v. City of Toms River
> Docket Nos. 005792-2018, 000839-2019

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's summary judgment motion to dismiss these matters for plaintiff's lack of standing on the grounds that the plaintiff filing the complaints in these matters was not the owner of record of the property under appeal.

The court finds that plaintiff, or its assignor had standing in both matters to appeal the tax assessment on the property referenced in these matters. As a result, the court denies defendants motion for summary judgment.

---

[1] Although the parties have referenced these matters as "Kesserman v. City of Toms River," the official court records identify the plaintiff as Bradshaw Equites LLC.






*

I.    Statement of Facts and Procedural History

On February 16, 2018 David Kesserman ("Kesserman") entered into a contract to purchase the real property located at 1201 Route 37 East, Toms River Township, New Jersey, Block 711, Lot 2 ("subject property"). The contract identifies the buyer as "David Kesserman and/or entity to be formed" and the seller as RNT Corporation. On March 28, 2018, Kesserman filed a complaint contesting the assessment for the subject property for the 2018 tax year. On August 1, 2018 title to the subject property closed pursuant to the referenced contract of sale with Bradshaw Equities LLC ("plaintiff") taking title. Kesserman is a 50% owner and managing member of plaintiff. On February 15, 2019, Kesserman filed a complaint with the court contesting the Ocean County's assessment of the subject property for the 2019 tax year.

On April 5, 2019, amended Case Information Statements were filed in both matters revising the identification of the plaintiff to "Bradshaw Equities LLC." On April 29, 2019 amended complaints were filed in both matters, again identifying the plaintiff as Bradshaw Equities LLC. Upon the filing of the amended Case Information Statements and amended complaints, the court's records were changed to reflect the name of the plaintiff as "Bradshaw Equities LLC."

On October 1, 2019 defendant filed the within motion for summary judgment contending that David Kesserman who filed the initial complaints in these matters did not have standing to contest the assessments on the subject property at the times the complaints were filed due to his lack of ownership interest. Plaintiff has opposed the motion.

**LEGAL ANALYSIS**

*Summary Judgment*

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine

2

issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The trial judge must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. When the facts present "a single, unavoidable resolution" and the evidence "is so one-sided that one party must prevail as a matter of law," then a trial court should grant summary judgment. Ibid. "[T]he party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson, 477 U.S. at 256-57). All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b). [2]

The court finds that the competent material facts are as set forth above. The parties do not dispute those facts.

---

[2] Defendant did not submit a formal statement of material facts to support its submission, but instead submitted a certification of counsel. Plaintiff's response included a letter brief and documents, but lacked a certification to support the allegations made in the argument. Thereafter plaintiff submitted a certification from Kesserman which tended to support the assertions made by counsel in the opposing brief. While plaintiff failed to respond with specificity to defendant's certification, the responding certification was specific enough to constitute an acceptable responding statement. Neither plaintiff nor defendant can be said to have complied with R. 4:46, however, the court has determined to accept the submissions in order that this matter may be resolved.

*Standing*

"The right to appeal a real property assessment is statutory, and the appellant is required to comply with all applicable statutory requirements." Macleod v. City of Hoboken, 330 N.J. Super. 502, 505, 750 A.2d 152 (App. Div. 2000) (quoting F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J. Super. 373, 381, 479 A.2d 435 (App. Div. 1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985)). In this regard, the Tax Court's jurisdiction to review assessments on real property is set forth in N.J.S.A. 54:3-21, which provides in relevant part that:

> [A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property . . . may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, . . . file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000.

"[C]ourts have considered the threshold for standing to be fairly low." Slater v. Holmdel Twp., 20 N.J. Tax 8, 12 (Tax 2002) (quoting Reaves v. Egg Harbor Tp., 277 N.J. Super 360, 366 (Ch. Div. 1994)). Thus, one need not be the owner in fee of real property to challenge the assessment on that property. Ewing Twp. v. Mercer Paper Tube Corp., 8 N.J. Tax 84, 91 (Tax 1985). Over the years, our courts have expanded the definition of an aggrieved taxpayer to include tenants, mortgage holders, tax-sale certificate holders, spouses holding marital rights of possession, and court-appointed rent receivers. See, eg., Slater, 20 N.J. Tax at 11 (finding non-owner spouse of property owner qualified as a "taxpayer" based upon his possessory right to the marital residence and his potential tax liability for the same); Chem. Bank N.J., N.A. v. City of Absecon, 13 N.J. Tax 1, 8, 11 (Tax 1992) (finding the word "taxpayer" pursuant to N.J.S.A. 54:3-21 does not only mean "owner," and plaintiff mortgagee possessed "a sufficient ownership of the assessed property so that . . . [it] is also characterizable as a taxpayer and the property is also [its] for purposes of the statute") (internal quotation marks omitted); Village Supermarkets, Inc. v. Twp.

4

of W. Orange, 106 N.J. 628, 634-36 (1987) (holding a single tenant at a multi-tenanted commercial property may, under certain circumstances, have standing to bring tax appeal in landlord's name); Ewing Twp., 8 N.J. Tax at 91 (included "within the class of 'aggrieved taxpayers,' given the right to appeal tax assessments, [is] any lessee whose lease covers the full tax year and requires him to pay the full assessment of the taxes levied" (footnote omitted)); Lato v. Rockaway Twp., 16 N.J. Tax 355, 357, 366 (Tax 1997) (the holder of a tax sale certificate who had paid taxes on the subject property subsequent to issuance of the certificate and who initiated foreclosure proceedings has an implied right to file an appeal of the assessment on the property).

Instead, to have statutory authority to file a complaint, the plaintiff must, at the time of the filing, have a sufficient financial interest affected by the challenged assessment. Ewing Twp. at 91. In other words, standing will be found where the plaintiff "evidences a sufficient stake with real adverseness." Slater, 20 N.J. Tax at 12 (quoting Reaves, 277 N.J. Super at 366). On this score, the Tax Court has "reasonably inferred that the Legislature intended 'to afford the right to appeal [(*i.e.*, standing)] essentially to *any* person whose tax payments are adversely affected by an improper assessment and not only to an owner in fee of the assessed property appealed.'" Ibid. (quoting Ewing Twp., 8 N.J. Tax at 91) (alterations in original).

Here, Kesserman, or an entity to be formed by him, was the contract purchaser of the subject property on February 16, 2018, prior to the April 1, 2018 filing deadline and prior to the actual filing of the complaint. Thereafter plaintiff, the entity formed by Kesserman for that purpose acquired title. Inadvertently, although title was held in the name of plaintiff at the time the 2019 appeal was filed, the complaint was filed by Kesserman and shortly thereafter amended to reflect the name of plaintiff. As noted, Kesserman is a 50% owner of plaintiff and its managing member.

It is clear to this court that Kesserman, as contract purchaser, was an aggrieved taxpayer for the purposes of the statute and had standing to file the 2018 appeal. As Kesserman's assignee plaintiff had standing and, in fact, acquired title to the subject property. The designation of "Kesserman and/or entity to be formed" was sufficient to provide plaintiff with the necessary standing.

Defendant correctly notes that Kesserman was not the owner of the subject property on the filing date of the 2019 appeal. Plaintiff had acquired title by the time of the filing of the 2019 appeal and Kesserman's filing of the appeal as plaintiff's assignor, or as the managing member was incorrect. Counsel corrected that error shortly after discovering her error. The amendment of a complaint will relate back to the date of the original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth" in the original pleading. Here plaintiff does not assert any new claim in the amended pleading, but instead corrects an error in the designation of the name of the plaintiff.

While Kesserman had no interest in the subject property directly at the time of the filing of the 2019 appeal, this is not a case where Kesserman is a "place-holder" having no interest in the subject property. Kesserman's relationship to plaintiff as its assignor and as a 50% owner and managing member is a significant relationship and counsel's misidentification of Kesserman as plaintiff is not so egregious that her amendment of the pleadings promptly after being informed of the error should not be accepted. The court has in fact revised its records to reflect the plaintiff as the litigant in these matters.

**CONCLUSION**

The undisputed facts demonstrate that Kesserman and/or an entity to be formed was the contract purchaser of the subject property on the date the 2018 appeal was filed and thus had

standing.  The undisputed facts further demonstrate that as of the filing of the 2019 appeal, plaintiff was the owner of record and that the filing of the complaint by Kesserman was an error, corrected by counsel in amended pleadings promptly after discovery of that error.  The court concludes that plaintiff had standing to appeal the assessment in both the 2018 and 2019 tax years.  Defendant's motion for summary judgment is denied.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.