**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**SF III KINDERKAMACK, LLC**,

Plaintiff,

v.

**BOROUGH OF ORADELL**,

Defendant.

TAX COURT OF NEW JERSEY
DOCKET NO.   005860-2021

Approved for Publication
In the New Jersey
Tax Court Reports

Decided: October 21, 2022

Paul Tannenbaum for proposed Intervenor Dabby Bergen Medi Pro, LLC, Sianes Bergen Medi Pro, LLC, YB 690 Kinder, LLC, and Yazam Investments, LLC, as Tenants-in-Common (Zipp & Tannenbaum, LLC, attorneys).

Michael Ash for plaintiff (Carlin, Ward, Ash & Heiart, LLC, attorneys).

Alan Spiniello for defendant (Alan Spiniello Law Offices, attorneys).

**ORSEN, J.T.C.**

This is the court's opinion with respect to Dabby Bergen Medi Pro, LLC, Sianes Bergen Medi Pro, LLC, YB 690 Kinder, LLC, and Yazam Investments, LLC, as tenants-in-common's motion seeking to be joined

\*

as a party to the within 2021 tax appeal. For reasons discussed more fully below, such motion is granted.

## FACTS

Plaintiff, SF III Kinderkamack, LLC, filed a tax appeal for Block 807, Lot 1, more commonly known as 690 Kinderkamack Road, Oradell, New Jersey 07649, on March 25, 2021, for the property's 2021 tax assessment.[1]  Such appeal was filed prior to the property tax appeal deadline of May 1, 2021.[2]  Prior to such deadline, Dabby Investments, LLC ("Dabby Bergen") executed a contract of sale on April 7, 2021 to purchase the subject property from plaintiff.  On May 10, 2021, Dabby Bergen Medi Pro, LLC, Sianes Bergen Medi Pro, LLC, YB 690 Kinder, LLC, and Yazam Investments, LLC (collectively "Intervenor"), acquired the property and entered an agreement to become tenants-in-common.  As part of the contract of sale, Intervenor became responsible for the real

---

[1] Plaintiff presently has property tax appeals pending on the subject property also for the 2019 and 2020 tax years.

[2] The May 1, 2021 property tax appeal deadline was uncontroverted and occurred on a Saturday in which Intervenor noted such deadline was extended to the next business day of Monday, May 3, 2021.

estate taxes as of May 10, 2021, which is the date Intervenor took possession of the property.

On June 11, 2021, Intervenor filed a Complaint in Lieu of Prerogative Writs in the Law Division to contest the tax assessment on the property. Subsequently, Intervenor filed an amended complaint on June 15, 2021.[3] On August 24, 2021, defendant, Borough of Oradell, filed a motion on the matter in the Law Division. On September 24, 2021, the court issued an order denying defendant's motion and transferring the matter to the Tax Court. An amended order transferring the case was entered on October 21, 2021.[4] Defendant filed a motion to dismiss on November 5, 2021, which was assigned a return date of December 3, 2021. The present motion was then filed with the court seeking to join the within appeal. The court elected to consider this motion first.

Intervenor argues that it should be: (1) permitted to substitute as plaintiff; (2) joined in as a party plaintiff; or (3) allowed to intervene in

---

[3] Following filing the Complaint in Lieu of Prerogative Writs in the Law Division, the Intervenor prepared and circulated a consent order to be joined as a party-plaintiff in the instant tax appeal. The consent order was signed by plaintiff's attorney on July 1, 2021 but defendant did not sign the consent order.

[4] The matter was assigned Tax Court docket number 012505-2021.

3

the matter. It further argues that substitution is proper because a transfer of interest occurred during the tax year at issue. Intervenor claims that it meets the requirements for intervention because it was responsible for the property taxes as of May 10, 2021, it has an interest in this appeal, and plaintiff's motives for settling the case might differ because of the pending 2019 and 2020 tax year appeals for the property filed by the seller, SF III Kinderkamack, LLC. Intervenor further argues that it has the right to be a party in this matter to protect its interest in the property and in any potential settlement or trial concerning the 2021 tax assessment. Intervenor also argues that defendant's opposition violates the "square corners doctrine" by attempting to keep Intervenor from joining the within tax appeal on property that it now owns.

Defendant counters that the contract of sale between plaintiff and Intervenor bars Intervenor from being joined in the present action. Defendant points to paragraph 10.1 of the agreement, which states in the relevant part:

> Seller hereby reserves the right to institute or continue any proceeding or proceedings for the reduction of the assessed valuation of the Property, and, in its sole discretion, to settle the same,

provided however that the effect of any such settlement cannot reasonably be expected to have an impact on taxes payable by Buyer. All net tax refunds and credits attributable to any period prior to the Closing which Seller has paid or for which Seller has given a credit to Buyer shall belong to and be the property of Seller, provided, however, that any such refunds and credits that are the property of Tenants under Leases shall be promptly remitted to Buyer for the credit of such Tenants. All net tax refunds and credits attributable to any period subsequent to the Closing shall belong to and be the property of Buyer. Buyer agrees to cooperate with Seller in connection with the prosecution of any such proceedings and to take all steps, whether before or after the Closing, as may be necessary to carry out the intention of this subparagraph.

Defendant claims that under the contractual language, the Intervenor gave plaintiff the right to litigate or settle any tax appeal within plaintiff's sole discretion. Defendant also argues that Intervenor: (1) does not have standing; (2) is not within the statute of limitations; and (3) fails to meet the standards to join a case as set out in Mobil Administrative Services Co. v. Mansfield Twp., 15 N.J. Tax 583 (Tax 1996), aff'd, 17 N.J. Tax 509 (App. Div. 1997).

In response, Intervenor argues that Dabby Bergen was the contract purchaser prior to the May 1, 2021, filing deadline, so too is Intervenor as

the contract of sale's assignee from Dabby Bergen. As a result of being the contract purchaser prior to the filing deadline, it had standing to file a tax appeal. Intervenor states that the motion to intervene is not barred by the statute of limitations because the "relation back doctrine" ties it to plaintiff's original appeal, which was timely filed. Intervenor argues the relation back doctrine is proper since it does not raise new issues and seeks the same relief as plaintiff. [5]

Defendant claims that it would be prejudiced if Intervenor was allowed to join the suit. This prejudice would arise if defendant is forced to deal with multiple plaintiffs regarding the same tax appeal, as plaintiff might have its own motives for how the case is handled. Further, defendant argues prejudice may occur because plaintiff has pending cases from previous years that were properly filed. Intervenor counters that if it filed the property tax appeal before the May 1st deadline, there would have been two appeals on the property and the defendant would have no legitimate argument for prejudice. Oral argument was held.

---

[5] Plaintiff filled a brief with the court on December 8, 2021, stating that it had no objection to Intervenor joining the case.

During oral argument, Intervenor further clarified its three arguments as to why it should be allowed to participate in the present case, all of which are rooted in the court rules. First, Intervenor argues it should be added to the case under R. 4:34-3, substitution of party, because the property was conveyed on May 10, 2021, and on that date the plaintiff no longer held an interest in the property and the Intervenor acquired an interest in the property. Intervenor further claims substitution is proper since it will not be unnecessarily burdensome on the defendant, and the rules of court contemplate instances where there will be multiple plaintiffs in certain cases under R. 8:5-3(a)(8). Second, Intervenor states that it should be permitted to intervene as either a plaintiff or a defendant under R. 4:33 because it derives standing from the contract of sale, and will not be adding new claims; therefore, the filing relates back to the original complaint, and meets the requirements of R. 4:33-1. Third, Intervenor argues that it should be added through R. 4:28 because the present case's factual scenario is similar to Gourmet Dining v. Union Twp., 243 N.J. 1 (2020), a case in which the Tax Court permitted joinder.

Defendant responded that the controlling case here is <u>Mobil</u> and similarly, the motion to join the case should be denied in the present case. Defendant further states that in the present case Intervenor lacks standing because only a taxpayer can file an appeal; to be a taxpayer you must own the property at the date of the filing deadline. Defendant also argues the relevant date is the property's acquisition date. Since property tax appeals are about the property, the party with the right to file the appeal is the record owner as of the filing deadline date. Ultimately, allowing Intervenor to join creates a dangerous precedent by permitting a party who bought the property after the filing deadline to file a tax appeal, which prejudices the defendant into dealing with that number of people filing appeals.

## ANALYSIS

### I. SUBSTITUTION/JOINDER DUE TO A CHANGE IN INTEREST

#### A. CHANGE IN INTEREST

The New Jersey Court Rules allow for a substitution or joinder into a matter under certain circumstances. One such circumstance is if a transfer of interest has occurred. After a transfer in interest has occurred,

the rule allows a party to be substituted or joined with the original party under R. 4:34-3, which states in the pertinent part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court on motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in R. 4:34-1(b).
>
> [R. 4:34-3.]

There is very little New Jersey case law interpreting R. 4:34-3, or its predecessor, R. 4:38-3, and there is only limited federal case law interpreting its counterpart in the federal rules, Fed. R. Civ. P. 25(c) which until a recent amendment, effective December 1, 2007, was worded almost identically to R. 4:34-3. The federal rule states as follows:

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).
>
> [Fed. R. Civ. P. 25(c).]

One commentator has described the rule as "amongst the most obscure and least known of the eighty-nine substantive Federal Rules of

9

Civil Procedure." Marshall v. Raritan Valley Disposal, 398 N.J. Super. 168, 180 (App. Div. 2008) (quoting Shaun P. Martin, Substitution, 73 Tenn. L. Rev. 545, 545 (2006)).

A review of existing case law on R. 4:34-3's federal counterpart Fed. R. Civ. P. 25(c), sets out a standard for when the rule's application is appropriate. Substitution based on a transfer of interest applies when a transfer of interest occurs after the commencement of a suit, but it also allows the court discretion to determine when the substitution or joining of a party is applicable.

Black's law dictionary defines "transfer" as, "[t]o convey or remove from one place, person, etc., to another." Black's Law Dictionary 1342 (5th ed. 1979). It further defines "interest" as, "the most general term that can be employed to denote a right, claim, title, or legal share in something." Id. at 729. When put together, "transfer of interest" can reasonably be defined as to convey from a right or legal share in something from one entity to another.

Once a court determines that a transfer of interest has occurred the court must then decipher when such transfer occurred. R. 4:34-3 fails to

10

offer guidance for when a transfer of interest must occur; however, a review of federal cases suggests that the transfer must occur once the suit, that the party seeking to be substituted into, has begun.  See Hilbrands v. Far East Trading Co., 509 F.2d 1321, 1323 (9th Cir. 1975) (reasoning, "Rule 25(c) applies if the transfer occurs during the pendency of the action").  The court finds that to allow a substitution as a result of transfer of interest, the transfer of interest must occur after the action, that the party wishes to join, has commenced.

Once a proper transfer of interest has occurred, the court must determine whether the substitution serves the interest of the parties and the efficient administration of justice.  In substitution actions involving a transfer of interest, the court maintains the discretion to determine if a substitution is proper.  See Marshall, 398 N.J. Super. at 180-81 (trial court has substantial discretion in determining whether, under the circumstances, substitution rather than filing of a separate action serves the interests of the parties and the efficient administration of justice).

Based on a review of the federal counterpart's case law and the definitions of the pertinent terms used, the court determines that a transfer

of real property, which may be subject to property taxes, may be defined as a transfer of interest under R. 4:34-3. In this matter, the transfer of interest occurred on May 10, 2021, when Intervenor became responsible for the 2021 tax year, which is after the plaintiff filed its complaint in Tax Court. In the present case, Intervenor has met the requirements of the court rule, and the court finds no reason to use its discretion to deviate from the court rule. Further, defendant's argument that the contract of sale bars Intervenor from joining the present tax appeal is not persuasive because this is a contractual agreement between buyer and seller and is not probative on the issue of whether a transfer of interest occurred. Accordingly, Intervenor, as the new property owner and the possessor of the transferred interest should be joined into the present case as a co-plaintiff.

**B. STANDING**

Notwithstanding that Intervenor meets the standards set forth in R. 4:34-3 to join the matter, standing is a prerequisite for filing any action in Tax Court, therefore, Intervenor must have standing to join the present appeal. However, a party cannot establish standing solely through filing

12

a motion to intervene. Intervenor must be able to satisfy the standing requirement independent of its motion. The court has found that the bar for standing is relatively low, and if a litigant has a legitimate stake in the proceeding, the court will find standing. See Slater v. Holmdel Twp., 20 N.J. Tax 8, 12 (Tax 2002) (quoting Reaves v. Egg Harbor Twp., 277 N.J. Super. 360, 366 (Ch. Div.1994)). The legislature set out the standard for bringing a tax appeal in N.J.S.A. 54:3-21, which provides in part:

> Except as provided in subsection b. of this section a taxpayer feeling aggrieved by the assessed valuation or exempt status of the taxpayer's property or a taxing district which may feel discriminated against by the assessed valuation or exempt status of property in the taxing district, or by the assessed valuation or exempt status of property in another taxing district in the county, may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a

taxpayer or a taxing district may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the State Tax Court.

[N.J.S.A 54:3-21.]

The courts have analyzed the meaning of "taxpayer," "aggrieved," and "property," within the above statute. The provision of standing is remedial in nature and consistent with its liberal construction. "[The] courts have considered the threshold for standing to be fairly low." Slater, 20 N.J. Tax at 12 (citation and internal quotation marks omitted). Thus, one need not be the owner in fee of real property to challenge the assessment on that property. Ewing Twp. v. Mercer Paper Tube Corp., 8 N.J. Tax 84, 91 (Tax 1985). Instead, to have statutory authority to file a complaint, the plaintiff must, at the time of the filing, have a sufficient financial interest affected by the challenged assessment. Ibid. In other words, standing will be found where the plaintiff "evidences a sufficient stake with real adverseness." Slater, 20 N.J. Tax at 12 (internal quotation marks omitted). On this score, the Tax Court has "reasonably inferred that the Legislature intended 'to afford the right to appeal [(i.e., standing)]

14

essentially to any person whose tax payments are adversely affected by an improper assessment and not only to an owner in fee of the assessed property appealed.'" Ibid. (quoting Mercer Paper Tube Corp., 8 N.J. Tax at 91).

Thus, New Jersey courts have consistently found that plaintiffs, who were not the actual owners of the property at the time of the property tax assessment, were nevertheless "persons aggrieved" under N.J.S.A. 54:3-21 and allowed to challenge the assessment because of either the potential for tax liability or the sufficiency of their financial interest in the property. See Slater, 20 N.J. Tax at 11 (finding non-owner spouse of property owner qualified as a "taxpayer" based upon his possessory right to the marital residence and his potential tax liability for the same); Chem. Bank N.J., N.A. v. City of Absecon, 13 N.J. Tax 1, 8, 11 (Tax 1992) (finding the word "taxpayer" pursuant to N.J.S.A. 54:3-21 does not only mean "owner," and plaintiff mortgagee possessed "a sufficient ownership of the assessed property so that . . . [it] is also characterizable as a taxpayer and the property is also [its] for purposes of the statute'"') (internal quotation marks omitted); Village Supermarkets, Inc. v. W. Orange

Twp., 106 N.J. 628, 634-36 (1987) (holding a single tenant at a multi-tenanted commercial property may, under certain circumstances, have standing to bring tax appeal in landlord's name); Mercer Paper Tube Corp., 8 N.J. Tax at 91 (included "within the class of 'aggrieved taxpayers,' given the right to appeal tax assessments, [is] any lessee whose lease covers the full tax year and requires him to pay the full assessment of the taxes levied") (footnote omitted)); Lato v. Rockaway Twp., 16 N.J. Tax 355, 357, 366 (Tax 1997) (the holder of a tax sale certificate who had paid taxes on the subject property subsequent to issuance of the certificate and who initiated foreclosure proceedings has an implied right to file an appeal of the assessment on the property).

As is evident by now, the issue of whether a plaintiff has standing to bring a tax appeal is a mixed question of law and fact. And as to the latter, the question of the substantial or sufficient nature of a plaintiff's financial interest in the assessed property is one of degree, depending upon the facts and circumstances of each case.

The defendant relies on Mobil. The court found that for a party to have standing, it must have an interest in the property as of the property

16

tax appeal filing deadline and have an obligation to pay the property taxes assessed. 15 N.J. Tax at 588. The plaintiff filed a timely appeal in 1995 for the property, which Zeta, the would-be intervenor, entered into a contract of sale to purchase on August 30, 1995; the closing occurred on September 27, 1995. Id. at 586. At the time of the closing, no language was included that gave Zeta the right to require it to approve of any resolution for the tax appeal. Id. at 589-90. The court denied Zeta's motion because it determined Zeta did not have standing. Id. at 589. The court reasoned that Zeta was not a taxpayer within the meaning of the statute, since, it did not have an interest in the subject property at the property tax appeal filing deadline and had no obligation to pay property taxes assessed. Ibid.

In the present case, Dabby Bergen entered into the contract of sale for the property at issue from plaintiff on April 7, 2021; therefore, Dabby Bergen maintained a financial interest in the property as of the May 1, 2021 property tax appeal filing deadline. Further, the contract of sale, which was entered into on April 7, 2021, contained a provision that made Dabby Bergen responsible for the real estate taxes after the closing date

which occurred on May 10, 2021. Accordingly, Dabby Bergen held an interest in the property at the May 1, 2021 filing deadline, which it assigned to itself and the other tenants in common that form the Intervenor.

Nothing in Mobil is to the contrary. Unlike Mobil where the intervening party had no interest or obligation to pay as the contract purchaser, Intervenor has an obligation to pay any taxes or is entitled to any refund as the owner of the property. Mobil does not consider the situation where an Intervenor could be responsible for the lion's share of the taxes. Such obligation creates a financial interest for Intervenor in the disposition of this case. Intervenor had a financial interest in the property as of the filing deadline due to the assignment of rights and as a result has an interest in the present tax appeal. Mobil also did not consider a transfer of interest analysis under R. 4:34-3 which contains similar items for consideration in a review of the determination of standing.

Further in Mobil, the tax appeal had already been litigated through the county board and had been pending in the Tax Court for approximately nine months, where the parties, including the prior property owner, had

reached a settlement. 15 N.J. Tax at 586-87. Thus, not only did the party in <u>Mobil</u> attempt to intervene in a long-standing tax appeal, but actually tried to interfere with its resolution by preventing a settlement from being finalized. Such circumstances which compelled the conclusion that the party in <u>Mobil</u> was not a "taxpayer" within the meaning of N.J.S.A. 54:3-21 are simply absent from the present matter.

After a review of the relevant factors, the court has determined that the totality of the circumstances weigh in favor of Intervenor having standing. The weight of Intervenor not taking possession prior to the tax appeal deadline does not overshadow the fact that it had an interest prior to the deadline, is responsible for the lion's share of taxes due during the tax year at issue, and would be responsible for any changes in tax on the subject property.

Although Intervenor entered into the contract of sale prior to the property tax appeal filing deadline, such financial interest is one of many factors and not dispositive for the determination of standing. Standing for tax appeals cannot be limited to possessors of the subject property at the tax appeal filing deadline provided that a timely tax appeal was filed by

the previous property owner. Due process rights are paramount to the judicial process; therefore, the court must apply doctrines in accordance with those rights.

It is a principle in tax law that property taxes are a tax on the land and not the possessor of the land. Therefore, determining standing by whether or not the taxpayer takes possession of the taxed property prior to the property tax appeal deadline runs counter to the ideal of property taxation. This court finds that standing may be satisfied for a taxpayer who possesses the property at issue and has an obligation to pay any taxes on the property, suffers the consequences of non-payment or be entitled to a refund based on a reduction in value of such property. Under this view of standing, Intervenor has standing to intervene based on its possessory interest in the property during the tax year in which a timely property tax appeal was filed and it will be responsible for at least a portion of the taxes or refund given on the tax appeal.

As noted, the matter of standing is a mixed question of law and fact which requires a fact-sensitive analysis for each case. To make the determination of whether a party has standing to file a tax appeal, the court

must consider a myriad of related factors, including but not limited to the provisions of the contract itself, the timing of the title acquisition in relation to the filing deadline, the proportionality of the tax burden, when and who is responsible to pay the taxes, the closing date on the purchase of the property, whether and when the party obtained an interest in the property and other relevant facts and circumstances for each case.

Taking all these factors into account, the court is satisfied under the present circumstances that Intervenor had a substantial interest in the property to qualify as an aggrieved taxpayer and met the standing requisite.

### C. STATUTE OF LIMITATIONS

A timely tax appeal is also required for a party to intervene. See F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 425 (1985). "Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government." Id. at 424.

The May 1 filing deadline for tax appeals as applicable in this case is set out in N.J.S.A. 54:3-21 and is strictly construed. Therefore, if a tax

appeal is not filed by May 1 of the respective tax year it will be deemed as falling outside of the statute of limitations.   However, the appeal will not be barred if the relation back doctrine set out in R. 4:9-3 applies.[6]  The Court in Prime Accounting Dept. v. Carney's Point Twp., addressed how R. 4:9-3 relates to tax matters, stating in the relevant part:

> The Part IV Rules, which include Rule 4:9-3, "have been incorporated by reference where appropriate, and the implicated rules of general application were also amended to include and provide for the Tax Court."  Pressler & Verniero, supra, comment 1 on R. 8:1.   Although Rule 4:9-3 has not been specifically incorporated by reference in the Tax Court rules, it has been applied in Tax Court cases. See Inwood Owners, Inc. v. Twp. of Little Falls, 216 N.J. Super 485, 496 (App. Div. 1987); Univ. Cottage Club of Princeton v. Princeton Borough, 26 N.J. Tax 185, 189 (Tax 2011).   The relation-back doctrine complements the Tax Court amendment practice under Rule 8:3-8(a), and its application in Tax Court matters is appropriate notwithstanding the absence of specific language in Part VIII incorporating it into the Tax Court rules.  See Union City Assoc. v. City of Union City, 247 N.J. Super. 249, 252 (App. Div. 1991) (applying entire controversy doctrine of Rule 4:27 and Rule 4:30A to the Tax Court, notwithstanding

---

[6] The relation back doctrine provides that if a "claim or defense asserted in the amended pleading arose" from the same set of events alleged "in the original pleading, the amendment" will relate back. The court can, in its discretion, permit inclusion "of a new or different claim or defense," and if the change is to include a new party, it will relate back only under certain conditions, including it being within the statute of limitations. R. 4:9-3.

> the absence of cross-references to those Rules in Tax Court rules or commentary).
>
> [212 N.J. 493, 511 n.7 (2013).]

The tax court also reviewed the role of the relation back doctrine in tax cases in Farmland Dairies v. Borough of Wallington. In that case the court found that the party seeking to intervene was barred by the applicable statute of limitations. Farmland Dairies, Inc. v. Borough of Wallington, 29 N.J. Tax 310, 317-318 (Tax 2016). It reasoned that the movant was asking to intervene in an ongoing matter, while alleging a new cause of action. Id. at 317.

The relation back doctrine does not apply in situations where a party tries to allege new causes of actions. See generally id. at 310. The present case differs from Farmland Dairies because Intervenor is not filing a new cause of action, but instead is seeking to be joined in the case to add additional support to existing claims. Further, allowing Intervenor to join would not violate the statute of limitations because it isn't seeking any new relief from the present plaintiff in the case.

In the present case, the filing deadline was May 1, 2021, but the Intervenor did not obtain title of the property until May 10, 2021, and the

Complaint in Lieu of a Prerogative Writs was not filed in the Law Division until June 11, 2021. Therefore, Intervenor's filings all occurred after the expiration of the statute of limitations set out in N.J.S.A. 54:3-21. However, here plaintiff timely filed its tax appeal on March 25, 2021; therefore, defendant was on notice of the appeal of the assessment for this property. Further, Intervenor seeks a reduction in the property valuation, which is the same relief sought by plaintiff. Since allowing Intervenor into this case would not raise any novel issues and will fit snuggly within the outer bounds of the relation back doctrine, the court finds that it is not barred by the statute of limitations.

## II. JOINING THROUGH INTERVENTION

### A. INTERVENTION AS OF RIGHT

Although the court finds that Intervenor shall be joined as a party under R. 4:34-3, it will also address the subsequent arguments raised by the parties, including joinder and intervention.

To grant a motion to intervene a plaintiff must show that: "1) [It] has standing to intervene; 2) [It's] intervention does not violate any applicable statute of limitations or filing deadlines; and 3) [It] satisfies

criteria set forth in R. 4:33-1." Farmland Dairies, Inc., 29 N.J. Tax at 312 (citing Mobil, 15 N.J. Tax at 587).

Once all three criteria are met, a party may be joined into the action through intervention. In the present case the court has determined that Intervenor has standing as a result of being an aggrieved taxpayer during the tax year. The court has also determined that Intervenor's claim relates back to plaintiff's timely filed tax appeal. As a result, Intervenor has satisfied the first two requirements of intervention.

For a party to have the right of intervention, the party must satisfy the requirements of New Jersey Court Rule 4:33-1, which provides:

> Upon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> [R. 4:33-1.]

The criteria can be more easily broken down as the requirement for an applicant to:

(1) claim "an interest relating to the property or transaction which is the subject of the action," (2) show he is "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest," (3) demonstrate that the "applicant's interest" is not "adequately represented by existing parties," and (4) make a "timely" application to intervene.

[Chesterbrooke Ltd. P'ship v. Planning Bd. of Twp. of Chester, 237 N.J. Super. 118, 124 (App. Div. 1989).]

When determining whether intervention as of right applies, the court should liberally grant motions. "The test is 'whether the granting of the motion will unduly delay or prejudice the rights of the original parties.'" Atlantic Employers Ins. Co. v. Tots & Toddlers Pre-School Day Care Ctr., Inc., 239 N.J. Super. 276, 280 (App. Div. 1990) (quoting Looman Realty Corp. v. Broad St. Nat'l Bank of Trenton, 74 N.J. Super. 71, 78 (App. Div. 1962).

In the present case, Intervenor satisfies all requirements for intervention as of right. First, Intervenor has an interest in the property because of owning the subject property for a portion of the tax year at issue. Further, Intervenor has a financial interest in the litigation because it is responsible for the taxes that were paid or any refund that is

26

attributable to the period after May 10th of the 2021 tax year. The tax responsibility is laid out in the contract of sale between Dabby Bergen and plaintiff, which was assigned to Intervenor. Further, the default rule for taxes on a property sold during a tax year shall be split proportionally, with the seller being responsible from January 1 to the date of the property transfer and the buyer being responsible for the subsequent time period. Since Intervenor owns the property and has an interest in taxes due after May 10, 2021, it has an interest in the subject of the litigation.

Second, the exclusion of Intervenor would disallow them the opportunity to prove the true value of the property that they own, which would impair its ability to protect its interest. Plaintiff filed two additional tax appeals that are still pending for 2019 and 2020. Since the plaintiff has prior tax years at issue, it could possibly have different motives for settling the case. Therefore, Intervenor must be joined to adequately protect its interest that arises from owning the property and having a financial stake in the litigation.

Third, intervention as of right is only proper if the parties currently involved in the suits are unable to adequately protect Intervenor's

interests. Here, defendant argues that the close relationship between plaintiff and Intervenor, when coupled with the language in 10.1 of the contract of sale, shows that plaintiff can protect the interest of Intervenor. The present matter has three years of tax appeals, and Intervenor only has an interest in the current year, which creates different interests during the plaintiff's litigation of the case and could possibly create a situation where the interests of Intervenor and plaintiff conflict. Plaintiff has also filed a brief and stated on the record that they support Intervenor's motion to be added to the case. Therefore, considering the possible pitfalls of a multi-year case where Intervenor has an interest in only one of the years, there is a risk that the present parties will not be able to adequately protect Intervenor's interest absent intervention.

Fourth, the application for intervention must be filed timely. Generally, a motion to intervene is timely, "if intervention will neither prejudice the rights of the existing parties to the litigation nor substantially interfere with the orderly process." <u>Vicendese v. J-Fad, Inc.</u>, 160 N.J. Super. 373, 380 (Ch. Div. 1978). Defendant argues that intervention would create a bias because the parties have already exchanged discovery,

so the parties would have to start a new discovery with Intervenor, which creates a dangerous precedent. Intervenor counters that it will not prejudice defendant because plaintiff has already provided all discovery information and Intervenor would not have that information. Even if it does create additional discovery that does not trump Intervenor's right to intervene. The case is presently still in the discovery stages and would not be unduly delaying the proceeding, as Intervenor will not unduly add to the discovery process. Therefore, the court finds that the filing is timely.

Intervenor has an interest in the subject of the litigation, the disposition of the action could impair its ability to protect its interests, the present parties may not be able to adequately protect the interest of Intervenor, and at this point in the proceeding an action for intervention is still timely. Accordingly, Intervenor has satisfied the four criteria put forth under R. 4:33-1, therefore, intervention as of right is proper in the present case.

## B. PERMISSIVE INTERVENTION

Permissive intervention is another alternative to intervene into an existing action. The New Jersey Court Rule for permissive intervention states in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action if the claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>
> [R. 4:33-2.]

Accordingly, intervention is permitted if there is a common issue of law or fact and the intervention will not unduly delay the action. Permissive intervention should be liberally granted. See State v. Lanza, 39 N.J. 595, 600 (1963). Therefore, even if an applicant is unable to meet the test for intervention as of right, the court may nevertheless, at its discretion, allow them to intervene. The factors to be considered in granting permissive intervention are the promptness of the application, whether granting will result in undue delay, whether granting will eliminate the possibility of further litigation, and the extent to which

granting the motion may further complicate litigation, which is already complex. Id. at 599-600.

In the present case, Intervenor as owner of the property has a vested interest in the litigation due to the common question of fact to determine the property's valuation and its responsibility to pay the property taxes. The intervention would also not cause undue delay as the case is still in its discovery phase and the addition of Intervenor will not impair the proceedings. Accordingly, Intervenor may join the case through permissive intervention.

## III.  JOINDER

A party that wishes to join a suit may be able to become a party through the joinder court rules. Intervenor asserts two additional court rules that they believe allow them to become a party in this case. First, R. 4:28-1, joinder of person needed for just adjudication, which states in relevant part:

> (a) **Persons to Be Joined if Feasible**. A person who is subject to service of process shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that

the disposition of the action in the person's absence may either (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

[R. 4:28-1.]

Defendant argues that Intervenor is not entitled to relief under R. 4:28-1 because Intervenor is not required for a just adjudication and complete relief can be awarded with the existing parties. Intervenor argues that not permitting them to be a party impairs and/or impedes its interest because the current parties cannot be expected to represent Intervenor's interest as the current owner.

A determination by the Tax Court that an assessment was not the true value of the property affects an interest in real property and might affect the interests and rights of the property owner, because such determination could result in a lien or encumbrance upon the interests of the owner. At the filing of the case, Intervenor was not the owner of the

property and held no interest in the suit. However, Intervenor took possession of the property on May 10, 2021, and is responsible for the taxes. As a result, Intervenor undeniably has an interest in the correctness of the 2021 tax assessment. Therefore, item 2(i) of the rule is applicable. Accordingly, Intervenor is an indispensable party and is entitled participate in this matter under R. 4:28-1.

Intervenor meets the standard set out in R. 4:28-1, which allows it to be joined as a party to the present case. However, the court believes that the more appropriate rule through which the Intervenor will be allowed into the case is R. 4:34-3 as there should be a substitution based on a transfer of interest.

## IV. SQUARE CORNERS DOCTRINE

Intervenor argues that defendant's actions violate the square corners doctrine. The square corners doctrine states that,

> "[the government] may not conduct itself so as to achieve or preserve any kind of bargaining or litigation advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another."

33

[F.M.C. Stores Co., 100 N.J. at 427.]

Intervenor argues that defendant violated the square corners doctrine through its opposition to Intervenor joining the present action. Allowing a party into a case is ultimately a determination of the court and not the government, therefore, whether Intervenor was able to join the case is not an issue that implicates the square corners doctrine. Accordingly, the court finds that the square corners doctrine does not apply in this case.

## **CONCLUSION**

For the reasons set forth hereinabove, the court finds that Intervenor is entitled to join and intervene in the present case. Accordingly, Intervenor's motion is hereby granted.